**COMMONWEALTH of Kentucky, Appellant,**

**v.**

**Ernest WATKINS, Appellee.**

Court of Appeals of Kentucky.

Jan. 28, 1966.

Robert Matthews, Atty. Gen., George F. Rabe, Asst. Atty. Gen., for appellant.

H. B. Noble, Hazard, for appellee.

MILLIKEN, Judge.

This is an appeal by the Commonwealth from an order of the Perry Circuit Court sustaining a motion under RCr 11.42 to vacate appellee's conviction for murder because he was not given an examining trial, a failure which the trial court concluded was at a critical stage in his prosecution and prejudiced the accused in preparing defense.

The record shows that appellee was indicted for murder on November 22, 1943, counsel was appointed the same date, and the trial was set for December 8, 1943, in the Perry Circuit Court. On December 8, 1943, appellee entered a plea of guilty, a jury was sworn, and he was convicted upon his plea.

Almost twenty-two years later, on July 12, 1965, appellee filed his motion to vacate the judgment on the ground that he had been deprived of a preliminary hearing. On July 19, 1965, counsel was appointed to represent appellee on the motion and a hearing was set for July 30, 1965.

At the hearing appellee testified that when he was brought into the Perry Circuit Court before the county judge for a preliminary hearing in October of 1943, the following occurred: At first he, the county judge, and the turnkey were the only ones in

the courtroom. Then eight people entered, cursing appellee and calling him bad names. After a deputy sheriff and a state trooper got these people under control and out of the room, the county judge stated: "Take him back to jail, I ain't going to allow him no bond anyway, there's no use in having a hearing." Appellee was then taken back to jail. This all occurred on approximately October 28, 1943, three days after the murder for which appellee was convicted. Although he had no firm recollection of the matter, the county judge who had presided on October 28, 1943, indicated it was perhaps true that he had committed appellee without an examining trial pending grand jury action. No other witnesses testified.

The trial court sustained the motion to vacate on August 5, 1965, ordered appellee released from the penitentiary under $5,000 bail, and assigned the case for trial under the old indictment on September 21, 1965. (Although it is not shown by the record, we think it fair to state by way of explanation that action under the order has been held in abeyance pending disposition of this appeal. See RCr 11.42(8).) The substance of the reasoning of the trial court is contained in the following portion of its opinion:

"Had there been an examining trial and had he been afforded counsel, he could have learned the substances of some of the testimony which was to be used against him in the forthcoming trial and could have been in position to be better prepared for his defense.

"The Court is therefore of the opinion that at the time the movant appeared in Perry County Court three days after his arrest, was a critical stage of the prosecution against him, and further that the movant was prejudiced in not being afforded an examining trial and in not being afforded counsel at that time."

Appellee's conviction stands set aside on the sole basis of the failure of the county court to afford him a preliminary hearing some three days after his arrest. The trial court concluded that the examining trial is a "critical stage" of the proceedings against the accused as that terminology is used in certain opinions of the Supreme Court of the United States. We cannot agree with that conclusion for it appears to us that the law is to the contrary so far as this State is concerned.

In Carson v. Commonwealth (1964), Ky., 382 S.W.2d 85, cert. denied, 380 U.S. 938, 85 S.Ct. 949, 13 L.Ed.2d 825, appellant contended that his conviction and death sentence for murder lacked due process because he had no counsel when brought before the county judge for his examining trial. He relied on the cases of White v. State of Maryland (1963), 373 U.S. 59, 83 S.Ct. 1050, 10 L.Ed.2d 193, and Hamilton v. State of Alabama (1961), 368 U.S. 52, 7 L.Ed.2d 114, 82 S.Ct. 157. In rejecting that contention, this Court stated as follows, 382 S.W.2d 85, at p. 93:

"In White the accused entered a guilty plea at his preliminary hearing. The trial court permitted evidence of that guilty plea upon the jury trial. In Hamilton it appeared that only at the examining trial could certain defenses be raised. It is true that in each of the cited opinions the Supreme Court wrote that prejudice is not the determinative question. However, in each of those cases definite prejudice to the accused was shown. The basis for both decisions appears to us to be that the particular preliminary hearings were considered to be 'critical stages' in the criminal proceeding. The Supreme Court rule, by which all federal and state courts are bound, is that due process requires that an accused have counsel at any critical stage of the criminal proceeding, unless that right is competently waived. If it is found that opportunity for counsel has not been afforded at a critical stage, the matter of prejudice is not involved. The deter-

minative factor is whether the particular activity is at a critical stage."

This Court reasoned further, 382 S.W.2d 85, at pp. 94, 95:

"We envision a situation wherein an examining magistrate arbitrarily refuses to permit the defendant to have counsel; then the magistrate discharges the accused from custody upon a finding that no probable cause to hold him had been shown. Thereafter a grand jury returns an indictment accusing the defendant of the crime. Would the failure of the magistrate to furnish counsel at the examining trial preclude prosecution of the defendant? We cannot perceive that it would. By parity of reasoning, it is our conclusion that the alleged failure to furnish counsel to the present appellant at the preliminary hearing is not available as error here. It is our view that the examining trial (in Kentucky) is not such a critical stage of the proceeding as brings it within the purview of Hamilton v. Alabama, supra, or White v. Maryland, supra. Unless it is shown that something prejudicial to the defendant occurred by reason of his lack of counsel at that stage, there has been no infringement of his fundamental rights."

It appears that the Supreme Court of the United States agrees with the construction placed upon its cases by this Court in the Carson case. In Pointer v. State of Texas (1965), 380 U.S. 400, 85 S.Ct. 1065, 13 L.Ed.2d 923, the petitioner contended that he was deprived of effective assistance of counsel by the failure to appoint counsel to represent him at the preliminary hearing. While the Supreme Court did not decide the question it stated with respect to it, 380 U.S. at p. 402, 85 S.Ct. at p. 1067, 13 L.Ed.2d at pp. 925, 926:

"In making that argument petitioner relies mainly on White v. State of Maryland, 373 U.S. 59, 83 S.Ct. 1050, 10 L.Ed.2d 193, in which this Court reversed a conviction based in part upon evidence that the defendant had pleaded guilty to the crime at a preliminary hearing where he was without counsel. Since the preliminary hearing there, as in Hamilton v. State of Alabama, 368 U.S. 52, 82 S.Ct. 157, 7 L.Ed.2d 114, was one in which pleas to the charge could be made, we held in White as in Hamilton that a preliminary proceeding of that nature was so critical a stage in the prosecution that a defendant at that point was entitled to counsel. But the State informs us that at a Texas preliminary hearing such as is involved here, pleas of guilty or not guilty are not accepted and that the judge decides only whether the accused should be bound over to the grand jury and if so whether he should be admitted to bail. Because of these significant differences in the procedures of the respective States, we cannot say that the White case is necessarily controlling as to the right to counsel. Whether there might be other circumstances making this Texas preliminary hearing so critical to the defendant as to call for appointment of counsel at that stage we need not decide on this record and that question we reserve."

■ In Kentucky the purpose of the preliminary hearing is to determine whether the defendant is to be bound over to the grand jury and, if so, whether he should be admitted to bail. It is true as the trial court indicated that on occasion such a proceeding affords an incidental benefit in the opportunity to listen to and cross-examine Commonwealth witnesses. We are unable to perceive how such an incidental benefit can turn a proceeding designed for an entirely independent purpose into a critical stage of the proceedings against the accused. As a matter of fact, if the trial court is correct, our whole system in this respect is wrong. If every accused has an absolute right to a preliminary hearing, then none of our cases

where the accused was first arrested under an indictment can stand. Otherwise we are confronted with an equal protection problem.

The best argument against the decision of the trial court is the anomalous position in which the case now stands. So long as the indictment is outstanding there is neither reason nor opportunity for a preliminary hearing. Nothing having occurred at appellee's trial as a result of the lack of a preliminary hearing, there is nothing to be corrected. In other words, as hypothesized in the Carson case, the holding of the trial court, although not expressly so framed, is an absolute bar to further prosecution.

The crux of the matter is that the preliminary hearing is simply a procedural device to secure the temporary freedom of an accused (if warranted) following arrest and pending indictment. It is not an integral or essential part of the prosecutory process and is thus to be distinguished from such phases of the proceedings as arraignment, trial and judgment. We submit that, in the absence of exceptional circumstances, the nature, purpose, and effect of a preliminary hearing (or the absence thereof) are strictly incidental to a criminal prosecution in Kentucky and do not render it a critical stage of the proceedings against the accused. Criminal Code, Sec. 51, effective at the time, assured an accused of his right to counsel in case an examining hearing was held, and is not pertinent here.

There is another reason why the judgment of the trial court vacating appellee's conviction is erroneous. In rendering its opinion, the trial court overlooked the fact that appellee was convicted in the trial court upon his plea of guilty. "The effect of a plea of guilty is to waive all defenses other than that the indictment charges no offense and to authorize the imposition of the penalty prescribed by law." Tarrence v. Commonwealth (1954), Ky., 265 S.W.2d 52.

Since there was no examining trial, nothing could have occurred in it to prejudice the constitutional rights of the accused in his trial on the merits. See De Toro v. Peppersack (4th Circuit), 332 F.2d 341, cert. denied, 379 U.S. 909, 85 S.Ct. 198, 13 L.Ed.2d 181; Pointer v. State of Texas, 380 U.S. 400, 85 S.Ct. 1065, 13 L.Ed. 923.

The judgment is reversed.