**Sherman BOLES, Appellant,**

**v.**

**COMMONWEALTH of Kentucky, Appellee.**

Court of Appeals of Kentucky.

Oct. 7, 1966.

James B. Stewart, Charles T. Walters, Winchester, for appellant.

James Chenault, Commonwealth's Atty., Richmond, Robert Matthews, Atty. Gen., Frankfort, Joseph Eckert, Asst. Atty. Gen., Frankfort, for appellee.

DAVIS, Commissioner.

The appellant, Sherman Boles, seeks reversal of the trial court's order denying his RCr 11.42 motion to vacate sentence. He is now imprisoned and serving a sentence of life imprisonment without privilege of parole as a consequence of his violation of KRS 435.090; (rape of female over 12 years old). It is contended that the prosecutrix was *under* 12 years of age at the time of the alleged offense, so that the prosecution should have been had under KRS 435.080; (rape of female under 12 years old). The statute denouncing the offense against a female under 12 (KRS 435.080) provides only two possible punishments upon conviction, namely, a death sentence or imprisonment for life. The statute relating to the offense when committed upon a female over 12 provides possible punishments as follows: " * * * by death, or by confinement in the penitentiary for life without privilege of parole, or by confinement in the penitentiary for life, or by confinement in the penitentiary for not less than ten years nor more than twenty years."

The original conviction was had in this case on January 14, 1952. The trial record reflects that the appellant (to whom we shall refer as defendant) entered a plea of guilty to the indictment charging his violation of KRS 435.090 (dealing with the offense against females over 12 years of

age), and specifically asked that the jury be instructed to fix his punishment at imprisonment for life without privilege of parole. The jury so fixed the penalty, and the judgment was entered in conformity with the jury's verdict.

In this RCr 11.42 proceeding the defendant contends that the prosecutrix was under 12 years of age, hence the sentence of life imprisonment without privilege of parole was a penalty not authorized under the appropriate statute, KRS 435.080.

When the RCr 11.42 motion was filed, the defendant made five attacks upon the validity of the sentence, but on this appeal he presents only the question of the legality of the sentence in light of the assertion that the prosecutrix was under the age of 12. With commendable fairness the Commonwealth's Attorney moved the trial court to appoint counsel for defendant and afford him an evidentiary hearing upon the motion to vacate. During the course of the hearing the Commonwealth's Attorney conceded that the prosecutrix was under 12 years of age at the time of the offense.

The record discloses that defendant was arrested in the fall of 1951, charged with rape of a female under 12 years of age. An order was entered by the examining court binding defendant over to await the action of the grand jury on the same charge. On December 5, 1951, the grand jury returned two indictments against the defendant; one of them (No. 2428) charged his violation of KRS 435.080 (forcible rape of a female under 12); the other (No. 2429) charged his violation of KRS 435.090. The latter indictment did not make any specific reference to the age of the victim, but described her as an "infant female child."

Three members of the Clark County bar were appointed to represent the defendant when he was arraigned upon the two indictments. It is evident that considerable animosity against the defendant was rampant in the community; the court-appointed counsel apprised the defendant of the grave danger of his receiving a death sentence. We think it is to be inferred from the record before us that the defendant was cognizant of the strong possibility of his being sentenced to death. Shortly after the two indictments were returned, and during a period when defendant's attorneys were presenting motions for bail and continuance, a somewhat unique court entry appeared on the order book—a writing subscribed by the then Commonwealth's Attorney advising the defendant " * * * that the offense charged in Indictment No. 2428 and the offense charged in Indictment No. 2429 is one and the same offense, and the proof and witnesses on the trial of either would be the same as on the trial of the other."

The next entries upon the circuit court's orders included a motion by defendant's attorneys that the court instruct the jury to find the defendant guilty and fix his punishment at imprisonment for life without privilege of parole, and a written guilty plea to Indictment No. 2429 by the defendant. The plea of guilty was placed " * * on the condition that the prosecuting officers recommend to the jury that they find [defendant] guilty and fix his punishment at * * * life without privilege of parole." The plea was signed by defendant, by mark, witnessed by a circuit court clerk deputy.

In accord with those entries, the court did instruct the jury as requested by defendant, and the jury returned its verdict fixing the penalty sought by the defendant. Thereupon an order was entered dismissing Indictment No. 2428 on motion of the prosecution. No appeal was perfected from the conviction.

 It is admitted that the language of Indictment No. 2429, charging violation of KRS 435.090, properly charged a public offense. The defendant entered a guilty plea to that valid indictment; in doing so he confessed the allegations of the indictment. We have recently reaffirmed the rule which recognizes that "[T]he effect of a plea of guilty is to waive all defenses

other than that the indictment charges no offense and to authorize the imposition of the penalty prescribed by law." Commonwealth v. Watkins, Ky., 398 S.W.2d 698, 701, quoting from Tarrence v. Commonwealth, Ky., 265 S.W.2d 52. See 6 Ky. Dig. 1, Criminal Law, ☞273.

It is plain, we think, that had defendant gone to trial on Indictment No. 2429 (rape of female over 12) he could have placed in issue the age of the prosecutrix as it might affect the possible limits of the penalty to be imposed. If it were assumed that he had gone to trial upon a plea of not guilty and the evidence for the prosecution showed that the victim was under 12 and the court nevertheless submitted the penalties provided by KRS 435.090 (over 12) we hold that the error, if any, would be subject to review upon appeal—but such an error, if any, would not render the judgment void. The defendant's recourse would have been to attack the conviction on appeal, on the ground that the punishment fixed by the verdict was not supported by the evidence. Our cases teach that an attack upon a verdict of conviction on the ground that it was not supported by the evidence is not one that can be presented by RCr 11.42. Johnson v. Commonwealth, Ky., 391 S.W.2d 365; Henry v. Commonwealth, Ky., 391 S.W.2d 355, and cases there cited.

It will be remembered that the defendant, in person and by counsel, specifically requested the court to instruct the jury to fix his punishment at imprisonment for life without privilege of parole. We have written that claimed errors in the instructions are not reviewable upon an RCr 11.42 motion. See King v. Commonwealth, Ky., 387 S.W.2d 582, 585; Langdon v. Thomas, Ky., 384 S.W.2d 508. It eludes us how we could reconcile those holdings with one granting the relief requested here in face of the defendant's own request for the very instruction fixing the limit of penalty of which he now complains.

It is proper to note that the defendant testified that his court-appointed attorneys at the original trial explained to him the significance of the expression "imprisonment for life without privilege of parole."

The judgment is affirmed.