**Donald HENDRICKSON, Appellant,**

v.

**COMMONWEALTH of Kentucky, Appellee.**

Court of Appeals of Kentucky.

Feb. 6, 1970.

Donald Hendrickson, pro se.

John Breckinridge, Atty. Gen., Robert W. Willmott, Jr., Asst. Atty. Gen., Frankfort, for appellee.

MILLIKEN, Judge.

This is an appeal from a judgment overruling without a hearing appellant's RCr 11.42 motion to vacate judgment. The appellant had been convicted for violation of KRS 435.100, having carnal knowledge of a child under sixteen—his step-daughter, and sentenced to ten years' imprisonment.

He alleges that his plea of guilty was not freely and voluntarily made with the full understanding of its nature and that his attorney threatened him with a longer sentence if he did not plead guilty. He also mentions that it was his understanding that the sentence was to be probated. No bad faith on the part of his attorney is alleged. An attorney, acting in good faith and in the exercise of reasonable judgment, may properly recommend his client to plead guilty. Commonwealth v. Campbell, Ky., 415 S.W.2d 614 (1967); Burton v. Commonwealth, Ky., 394 S.W.2d 933 (1965). In appellant's case, as in many others, such advice resulted in a sentence lighter than the maximum, since appellant could have been given a twenty-year sentence but received only a ten-year term.

Appellant alleges that he was not properly advised of the consequences of his guilty plea, but the record itself refutes it. The effect of a plea of guilty is to waive all defenses except that the indictment charged no offense and to authorize the imposition of the penalty prescribed by law. Commonwealth v. Watkins, Ky., 398 S.W. 2d 698 (1965) cert. den. 384 U.S. 965, 86 S.Ct. 1596, 16 L.Ed.2d 677.

Though the record contains an affidavit by the step-daughter, to the effect that she did not have intercourse with the appellant, and signed the complaint because officials had threatened to send her to reform school, such a statement is not a basis for relief under RCr 11.42. In Fields v. Commonwealth, Ky., 408 S.W.2d 638, 639 (1966), the prosecuting witness signed an affidavit that she had not been raped by the accused, and we held that conviction on the basis of perjured testimony was not grounds for post-conviction relief. According to the grand jury's records quoted in the opinion of the trial judge, the girl's mother and brother testified that she had been forced to have sexual relations with her step-father repeatedly, so there was incriminating evidence available even without the girl's testimony. The appellant's motion is denied and the judgment is affirmed.

All concur.