**Phillip Wayne QUARLES, Appellant,**

**v.**

**COMMONWEALTH of Kentucky, Appellee.**

Court of Appeals of Kentucky.

June 26, 1970.

Phillip Wayne Quarles pro se.

John B. Breckinridge, James H. Barr, Asst. Atty. Gen., Frankfort, for appellee.

MILLIKEN, Judge.

This is an appeal from a final order overruling appellant's RCr 11.42 motion

after a hearing at which the appellant and his counsel were present. The appellant had been indicted for *armed* robbery, allegedly committed by him and a man by the name of Torian, but pleaded guilty to a reduced charge of robbery and received a five-year sentence. He complains (1) that he was denied effective assistance of counsel because his counsel was appointed on the day of trial and conferred with him approximately five minutes prior to trial, refused to move for a continuance, and refused to prepare adequately because he was not being compensated; (2) that his counsel coerced him to plead guilty; (3) that he was denied compulsory process for obtaining witnesses in his favor at the hearing on his RCr 11.42 motion, and (4) that he was denied due process of law.

Appellant wished to defend himself by claiming that it was not he but a man named Mattingly who had joined the defendant Torian in committing the crime and claims that he was denied the opportunity to subpoena Torian as a witness. Appointed counsel on the original trial, Mr. Turner, testified at the hearing that he had asked counsel for Torian if he thought Torian would testify against Quarles if Quarles went to trial, and that Torian's counsel believed he would. He asked the victims of the robbery, two soldiers, if they could identify the men who had robbed them, and they pointed to Torian and Quarles.

 In view of the foregoing and other information, Mr. Turner recommended to the appellant that he plead guilty to an amended charge of robbery rather than risk a heavier sentence for armed robbery. This court has held that an attorney may, after making an adequate investigation, in good faith and in the exercise of reasonable judgment, advise his client to plead guilty. Commonwealth v. Campbell, Ky., 415 S.W.2d 614 (1967). Appointed counsel also stated that in cases such as the one at bar he customarily made a motion for a continuance, and he believed that he had done so in the Quarles case, but he could not recall precisely whether he had; he said that Quarles did not tell him of any witnesses he had to support a defense of alibi. In any event, appellant's contention that he was denied the right to subpoena witnesses cannot be considered on appeal since it was not raised in the trial court at the time of the hearing on his RCr 11.42 motion. Angelo v. Commonwealth, Ky., 451 S.W.2d 646 (1970).

In Ford v. Commonwealth, Ky., 453 S.W.2d 551 (May 1, 1970) which is somewhat similar to the case at bar, the movant alleged that his court-appointed counsel refused to prepare a defense for him simply because he was not being compensated; that his lawyer did not consult with him from the time of his appointment to the time of trial and had coerced him to plead guilty. In both the Ford case and this one the respective trial courts made inquiry to determine whether the plea of guilty was entered voluntarily with understanding of its effect. However, Ford, unlike the appellant in this case, had not had the benefit of a hearing, yet we refused to order one for him, and distinguished his situation from that found in Hall v. Commonwealth, Ky., 429 S.W.2d 359 (1967) on the grounds that in Hall the record did not show that the trial court had inquired into the voluntariness of the movant's plea and had warned him of its effect.

 Since Quarles' allegation that his plea of guilty was coerced is thus disproved, his allegation that he was deprived of his right to effective counsel is of no avail. Lawson v. Commonwealth, Ky., 386 S.W.2d 734 (1965). In fact, the effect of a plea of guilty is to waive all defenses other than that the indictment charges no offense. Commonwealth v. Watkins, Ky., 398 S.W.2d 698 (1966) cert. denied. Watkins v. Kentucky, 384 U.S. 965, 86 S.Ct. 1596, 16 L.Ed.2d 677, Boles v. Commonwealth, Ky., 406 S.W.2d 853.

The judgment is affirmed.

All concur.