James J. CORBETT, Appellant,

v.

COMMONWEALTH of Kentucky,
Appellee. Two Cases.

Supreme Court of Kentucky.

Sept. 4, 1986.

As Corrected Sept. 5, 1986.

Rehearing Denied Nov. 6, 1986.

William M. Radigan, Walker, Radigan & Zeller, Louisville, Ephraim W. Helton, Public Advocate "Of Counsel", Danville, for appellant.

James J. Corbett, Ashland, pro se.

David L. Armstrong, Atty. Gen., Frankfort, Connie V. Malone, Asst. Atty. Gen., for appellee.

GANT, Justice.

The court has concurrently considered these two matter of right appeals because of common issues concerning the persistent felony offender phases of the two cases, but will first examine each case individually for its separate allegations of error.

## WOODFORD COUNTY CASE

Appellant was indicted in Woodford County on May 7, 1982, on ten counts of receiving stolen property of a value in excess of $100, in violation of KRS 514.110 and was also indicted as a persistent felony offender in the first degree. After almost two and one-half years, four different attorneys, three circuit judges, and an unbelievable deluge of *Pro Se* motions, the appellant entered a plea of guilty to the ten substantive offenses, receiving a five-year sentence on each. A trial was held on the persistent felony offender count of the indictment, resulting in an enhancement of each sentence to 15 years; these were ordered to be served consecutively for a total of 150 years.

■ Appellant first argues the trial court erred in overruling his motion to dismiss seven of the counts in the indictment for lack of venue under KRS 452.630. This argument must fail for several reasons. First, a plea of guilty made knowingly and voluntarily, waives all defenses to the original charges other than the defense that the indictment fails to charge an offense. *Quarles v. Commonwealth*, 456 S.W.2d 693 (1970); *Hendrickson v. Commonwealth*, Ky., 450 S.W.2d 234 (1970); *Commonwealth v. Watkins*, Ky., 398 S.W.2d 698 (1965), *cert. denied*, 384 U.S. 965, 86 S.Ct. 1596, 16 L.Ed.2d 677 (1966).

■ The court notes the appellant sought to enter what he designated as "an Alford plea," apparently referring to *North Carolina v. Alford*, 400 U.S. 25, 91 S.Ct. 160, 27 L.Ed.2d 162 (1970). This apparently was a *pro se* effort by appellant to preserve a right of appeal on the ruling of the court regarding venue, which appellant mistakenly referred to as "jurisdiction." When informed by the court that the plea

was not one which preserved such an alleged error, the appellant indicated to the court that he understood this and still wanted to proceed with his guilty plea, despite the knowledge that such a plea obviated his right to appeal. If appellant intended this as a conditional plea, such is provided for in Rule 11(a)(2) of the Federal Rules of Criminal Procedure; we have no similar provision in our rules at this time.

■ Even had there been any preservation of the right to appeal on this question or had waiver not been applied, there would have been no error in the ruling of the trial court. KRS 452.630 is a statute which places venue in the county in which a warrant is first issued for *the same offense.* The basis of the motion to dismiss the seven counts herein was that a prior warrant in Franklin County charged appellant with receiving stolen property from the same *persons* in Franklin County and in Woodford County. There was no allegation or proof that the same property was involved. Property stolen from one individual may be received in numerous counties, and the fact of personal identity of the *victim* does not prevent indictment in each county where the property is received.

■ Appellant also contends his consecutive sentences violate the provisions of KRS 532.110(1)(c). This ignores KRS 533.-060(2) which relates to sentences of persistent felons for crimes committed while on parole, probation or conditional discharge, and further ignores our opinion in *Devore v. Commonwealth*, Ky., 662 S.W.2d 829 (1984), *cert. denied*, 469 U.S. 836, 105 S.Ct. 132, 83 L.Ed.2d 72 (1984). The crimes committed herein were committed while appellant was on parole from a life sentence received in 1975.

### FAYETTE COUNTY CASE

Appellant, along with two co-defendants, was indicted January 28, 1985, in Fayette County, on charges of conspiracy to commit murder and of being a first-degree persistent felony offender. After his conviction in the Woodford County case, appellant wrote to a Dr. Arthur Meyer, who was himself under indictment on an unrelated charge, in which letter appellant requested Meyer to furnish him with a lock pick and a bottle of cyanide. The letter contained numerous questions about the effect of cyanide, such as how much was required to kill a person, whether it could be tasted, how long it took for death to occur, etc. The letter also informed Meyer he would be contacted by a mutual friend about the requested items.

Upon receipt of the letter, Meyer contacted his attorney and a meeting was held among Meyer, his attorney, a Lexington detective and an Assistant Commonwealth Attorney, at which meeting Meyer agreed to cooperate with the police. A tape recording device was installed on his telephone and when the "mutual friend" contacted Meyer, arrangments were made and Meyer was equipped with a body transmitter. Two subjects came to Meyer's apartment and requested the cyanide and discussed the poison and its intended use. Meyer gave the subjects six gelatin capsules containing sugar. They were arrested as they left, and police found a letter from appellant in their vehicle concerning the potential victim, one Linda Crace, who had provided the authorities with information which led to the Woodford County convictions and who had agreed to testify against appellant on charges pending in Boyle County, Kentucky.

At the ensuing jury trial, appellant was found guilty and sentenced to 20 years in prison. The bifurcated proceeding on the persistent felony charge also resulted in a determination of guilt, but the sentence was not enhanced past the original 20–year recommendation.

The only issues not relating to the persistent felony offender trial are an assertion of error for failure of the trial court to grant a motion for continuance and reliance upon an unsigned judgment.

In response to the first, appellant had previously been granted two motions for continuance to properly prepare for trial and to attempt to locate witnesses. The record discloses that appellant listed eight witnesses in this third motion, for none of whom subpoenas had been issued. There were no addresses for six of these witnesses, and two were fugitives from justice. RCr 9.04 grants discretion to the trial judge in the matter of continuance, and we find no abuse of that discretion under the circumstances herein. The second error—the alleged unsigned judgments—is without any merit whatsoever. Duly certified copies of the judgments of the Henderson Circuit Court which were utilized in the persistent felony offender phase of the trial were filed. Although the signatures on these copies were typed in, it was clearly denoted that the original was signed. There is no contention made or proof offered that they were unsigned—merely that the signature did not appear on the certified copy. This, again, is without merit.

### PRO SE ISSUES

In each of these cases, the appellant filed a *"Pro Se* Supplemental Brief," both of which we have considered. Throughout both cases, appellant served as his own co-counsel. The record divulges this was done because of his considerable experience in the field of criminal law, both as a defendant and as an advocate. His criminal record will be partially recited later in this opinion in dealing with the persistent felony offender portion of his trial. However, it also includes other felonies, the latest being a conviction of burglary of an FDIC insured bank as a result of which he is presently incarcerated on a ten-year sentence in the Federal Correctional Institution at Ashland, Kentucky.

Appellant's testimony further reveals that, during his years at Kentucky State Penitentiary at Eddyville, he worked regularly at the legal aid section, preparing and filing countless *"pro se"* motions and briefs in both state and federal courts; that he was assigned to the Office of Public Advocacy while at a minimum security facility in Frankfort, and that he had private employment with attorneys in Frankfort after he received parole.

Appellant argues, *pro se,* that the Fayette County indictment failed to set out an overt act, and thus the court was without jurisdiction to try him. He acknowledges, however, that this was never challenged prior to appeal. Thus it cannot be raised here for the first time. *Burch v. Commonwealth,* Ky., 555 S.W.2d 954, 959 (1977). Even if we considered it, the indictment is sufficient under RCr 6.10(2), and sets out an offense under KRS 506.040 and KRS 507.020. These arguments are without merit.

Appellant next contends, *pro se,* that he was subjected to "double jeopardy and double enhancement" by the use of his 1975 conviction as a basis for his conviction as a persistent felony offender under KRS 532.-080 and its use again to impose consecutive sentences pursuant to KRS 533.060(2). The latter is our statute which mandates consecutive sentencing when the second felony is committed while the offender is on parole, probation or conditional discharge from a prior offense.

This court has previously disposed of the question of double jeopardy as it relates to the persistent felony offender charge. In *Malicoat v. Commonwealth,* Ky., 637 S.W.2d 640, 641 (1982), we stated that "The persistent felony statute defines a status, not an independent criminal offense," and held that there was no question of double jeopardy. *Accord Montgomery v. Bordenkircher,* 620 F.2d 127 (6th Cir.1980), *cert. denied,* 449 U.S. 857, 101 S.Ct. 155, 66 L.Ed.2d 71 (1980).

Pertaining to KRS 533.060(2), it is not the 1975 conviction but the status of the appellant as a parolee at the time of the commission of the subsequent offense

which sets the statute into effect. There is neither double jeopardy nor double enhancement under these circumstances.

## PERSISTENT FELONY OFFENDER STAGES

In both these cases, appellant filed motions to dismiss the charges of persistent felony offender in the first degree on the ground that the underlying convictions were constitutionally invalid. The three convictions relied upon by the Commonwealth were as follows: A 1969 conviction for Storehouse Breaking, to which charge appellant had entered a plea of guilty and had received a one-year sentence which was probated; a 1970 conviction for Dwellinghouse Breaking, to which appellant had entered a plea of guilty, receiving a three-year sentence, with four other charges being dismissed; and a 1975 conviction by a jury of Storehouse Breaking and an ensuing sentence of life imprisonment as an habitual offender. All these prior convictions were in the Henderson Circuit Court.

The bases of these motions were (1) ineffective assistance of counsel at all three trials, and (2) failure of the trial judge to advise appellant of the import of his pleas of guilty as required in *Boykin v. Alabama,* 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969). Hearings were held in each case and both courts denied the motions to dismiss, holding that the appellant in his testimony failed to sustain the burden of proof by competent evidence with respect to his allegations.

We first direct our attention to appellant's allegations of ineffective assistance of counsel. A motion to suppress evidence of prior convictions does not furnish a forum to litigate the issue of ineffective assistance of counsel. The rules of this jurisdiction, such as RCr 11.42 and CR 60.02 provide adequately for collateral attacks on judgments founded under such state of facts as the appellant alleges herein, and such rules must be followed in order to bring these matters before the court. Our rules provide that the collateral attack on a prior judgment shall be made in the court in which they were obtained, under circumstances prescribed in the rules, such as the requirement that the sentence attacked must be presently in effect or the defendant must be on probation, parole or conditional discharge at the time of the motion. Thus the court was not even required to consider his allegations of ineffective assistance of counsel, although it did so and ruled against the appellant.

The allegations concerning the failure of the trial judge to advise the appellant of his *Boykin* rights are also without merit. The Supreme Court of the United States, in numerous decisions, has stated that, in order to rely upon a prior conviction in a persistent felony offender procedure in which a plea of guilty was entered, it must appear that (1) the defendant was represented by counsel [*see Burgett v. State of Texas,* 389 U.S. 109, 88 S.Ct. 258, 19 L.Ed.2d 319 (1967) ]; or (2) that the plea was knowingly and intelligently made [*see Marshall v. Lonberger,* 459 U.S. 422, 103 S.Ct. 843, 74 L.Ed.2d 646 (1983) ].

The proof offered by appellant herein was totally restricted to his testimony and accompanying affidavits that the judge did not advise him of his *Boykin* rights. He makes no claim that he was in ignorance of those rights and makes no claim that his attorney did not inform him of those rights. The record clearly discloses that appellant had retained counsel at all steps in all these procedures. It further reveals that, at the time of his guilty plea in 1970, upon questioning by the court in appellant's presence, his attorney advised the court that he had explained to the appellant his rights under a plea of guilty "in detail." His 1975 conviction, of course, was by a jury, appealed to this court, and affirmed in an opinion describing the appellant as a "professional thief." We feel it important to note the language of *Marshall v. Lonberger, supra.* In that case, as in these, the trial court

conducted a hearing based upon the record and upon the testimony of the defendant and, as here, determined the plea of guilty was intelligently and voluntarily made. In upholding the trial court, Justice Rehnquist wrote for the court and quoted from *United States v. Oregon State Medical Society,* 343 U.S. 326, 72 S.Ct. 690, 96 L.Ed. 978 (1952):

> Face to face with living witnesses the original trier of facts holds a position of advantage from which appellate judges are excluded ... To the sophistication and sagacity of the trial judge the law confides the duty of appraisal.

█ The *Marshall* opinion goes on to point out that mere disbelief of the appellant's testimony may not solely form the basis for affirmative findings by the court but that such disbelief may certainly negate inferences in his favor. When this record is examined as a whole, we can hardly reverse the findings of the trial judge in these two cases. As affirmative showings upon which the trial judge might base his findings and rulings, this record reveals a minimum and probated sentence at the 1969 proceeding, a plea of guilty to one of five counts in 1970, with the others being dismissed, and a three-year sentence imposed when a sentence in excess of 25 years was possible. As also stated, the record shows the appellant was represented by retained and capable counsel on all occasions and it additionally appeared there was an experienced and highly respected trial judge presiding at the proceedings. The ruling of the trial judge is clearly supported by the record.

The judgment of the Woodford Circuit Court and the judgment of the Fayette Circuit Court are both affirmed.

All concur.

VANCE, J., files a separate concurring opinion in which STEPHENSON and WHITE, JJ., join.

VANCE, Justice, concurring.

I concur with the result reached in the majority opinion. I feel, however, that the opinion should go further to establish procedures to deal with the complications which arise when a defendant is charged with a crime and also is charged as a persistent felony offender.

We have heretofore held that if a defendant wishes to challenge the validity of a prior conviction he must do so by timely motion before the commencement of his trial as a persistent felony offender. If, on a trial in one jurisdiction, a defendant is permitted to litigate the validity of a judgment of conviction obtained in a different jurisdiction, there is a practical problem of obtaining documents and witnesses from the jurisdiction where the conviction was originally obtained. This is often aggravated by the fact that a defendant may be charged as a persistent felony offender in several jurisdictions based upon one conviction elsewhere which, if challenged, may necessitate the appearance of witnesses from the jurisdiction in which the conviction was obtained in each of the various jurisdictions in which the defendant is later charged.

It seems to me that a judgment of conviction should not be subject to collateral attack in another jurisdiction. An attack upon the validity of a judgment should be made in the court which rendered the judgment or by appeal.

In a persistent felony offender trial, proof that the defendant has been convicted of a prior felony by a final judgment of conviction which has not been vacated or set aside should be sufficient to sustain the charge. If the defendant contends that the prior conviction is not valid, his remedy should come by means of an action, in the court in which he was convicted, to set aside the judgment.

This does not mean, however, that the persistent felony offender trial must be delayed until the issue of the validity of the prior conviction is finally determined. The trial can proceed on the basis of the presumption accorded as to the regularity of judgments. If the defendant is convicted

as a persistent felony offender and the underlying prior conviction is ultimately set aside, the conviction as a persistent felony offender can then, upon motion, be set aside.

STEPHENSON and WHITE, JJ., join in this concurring opinion.