**Todd LOVETT, Appellant,**

v.

**COMMONWEALTH of Kentucky, Appellee.**

**No. 90–CA–001974–MR.**

Court of Appeals of Kentucky.

July 9, 1993.

William Yesowitch, Appellate Public Advocacy, Louisville, for appellant.

Chris Gorman, Atty. Gen., Todd D. Ferguson, Asst. Atty. Gen., Frankfort, for appellee.

Before EMBERTON, McDONALD and STUMBO, JJ.

STUMBO, Judge.

Todd Lovett, the appellant, argues that the trial court erred by not suppressing prior convictions, by failing to grant a continuance, and by failing to recuse. A careful review of the record and pertinent case law requires that we affirm.

The appellant was involved in an automobile chase and accident on February 8, 1990. The appellant was subsequently charged with driving on a suspended license (third or more offense arising from DUI), driving under the influence (third or more offense), wanton endangerment in the second degree, and persistent felony offender (PFO) first degree. A trial on the charges was conducted August 6, 1990. The following facts were derived from the testimony given at trial.

A deputy sheriff observed the appellant driving a dark-colored Firebird and squealing the tires. The deputy pursued the vehicle and another officer joined the chase. The Firebird had eluded the officers when an accident was reported by the radio dispatcher. Both officers proceeded to the accident scene where they found the Fire-

bird overturned. The appellant and Jeane Lane (hereinafter "Lane") had been thrown from the vehicle. Beer and vodka were found at the scene. Lane informed the officers that the appellant had been driving. The appellant and Lane were taken to the hospital. A blood sample was taken only from the appellant, which showed .15 percent blood alcohol content.

The appellant argued that Lane had been the driver of the vehicle. The appellant called a witness who testified that Lane had been driving earlier in the evening, and had been drinking. The appellant's father and brother each testified that an examination of the Firebird revealed that the driver's seat was too close to the steering wheel for someone of appellant's height. The appellant's brother also testified that he had seen Lane drinking that day, and that the officers suggested to Lane that the appellant had been the driver. A co-worker of Lane's said that she saw the appellant behind the wheel when the couple left Lane's place of work, which was immediately before the chase and accident.

The appellant was found guilty on all charges. He received a total sentence of ten years. This appeal arises from that conviction and sentence.

■ The first argument on appeal is that the trial court should have suppressed two prior convictions at a pretrial hearing. The appellant challenged the convictions alleging ineffective assistance of counsel and that he entered the pleas under mistake. Specifically, he states that his first guilty plea to driving on a suspended license (arising from DUI) (hereinafter "first guilty plea") was in error, because his license suspension was based upon excessive points rather than a DUI conviction. Thus, he argues that he cannot properly be charged with third offense driving on a suspended license (arising from DUI). The trial court determined under *Corbett v. Commonwealth,* Ky., 717 S.W.2d 831

(1986), that a pretrial hearing is not the appropriate forum to challenge prior convictions due to ineffective assistance of counsel.

We agree with the trial court that it was not the proper forum to hear an ineffective assistance of counsel claim regarding a previous conviction which underlies the current charge. Instead, pursuant to the holding in *Corbett,* such an attack must be made via RCr 11.42 or CR 60.02 in the court in which the previous conviction was obtained.

■ However, appellant has raised another claim, which he characterizes as a "mistake." We find the true character of the argument to be an attack upon the indictment regarding appellant's first guilty plea conviction. His argument is that the indictment charges an offense he did not commit, since his license had actually been suspended for excess points. While appellant's challenge to the indictment might be valid, because he pled guilty he waived all defenses except that the indictment charged no offense. *Quarles v. Commonwealth,* Ky., 456 S.W.2d 693, 694 (1970); *Centers v. Commonwealth,* Ky. App., 799 S.W.2d 51, 55 (1990). In fact, it has been held that a guilty plea is a judicial admission of the underlying requisites to the charge. *Toppass v. Commonwealth,* Ky.App., 799 S.W.2d 587, 589 (1990). Since the indictment entered in appellant's first guilty plea does charge an offense, appellant's attack on it must fail, whether it was made pretrial (RCr 8.18) or as a collateral attack (RCr 11.42).

As a result of our disposition of appellant's argument, we do not have to directly address his assertion that *Corbett, supra,* is in direct conflict with *Commonwealth v. Gadd,* Ky., 665 S.W.2d 915 (1984). While we can construct a reconciliation between *Corbett* and *Gadd,* we do note that they appear to be fundamentally in conflict.[1]

---

1. The two cases can be reconciled to some extent if one assumes that *Gadd's* holding is limited to allowing pretrial challenges based upon *Boykin v. Alabama,* 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969)-type considerations (the challenge in *Gadd* was that the defendant was

not represented by counsel at his previous guilty plea) rather than the broad language in *Gadd,* 665 S.W.2d at 917–18, addressing the procedures to follow if a defendant wants to raise *any* constitutional challenge to a conviction underlying the current charges. We reach such a con-

Certainly, the thrust of *Corbett*, particularly the concurring opinion of Justice Vance, who was joined by two other justices, was to foreclose pretrial challenges of underlying convictions, and force a defendant to raise such challenges in the forum in which the underlying conviction was originally obtained. On the other hand, *Gadd* suggests that any constitutional challenge can, and must, be brought before trial, and in the court in which the current charge is pending. Moreover, *Gadd* further indicated that it would be unreasonable to force the defendant to go back and collaterally attack the previous conviction. As a result, we can only conclude that *Corbett* and *Gadd* are in conflict, at least philosophically. While we think *Gadd* suggests the better procedure, we are bound by *Corbett* and all the ambiguities it has created.

 The next argument on appeal is that the trial court improperly denied the appellant a continuance. The appellant stated that he needed more time for additional research, to confer with his attorney, and to obtain certain information to contest his prior convictions. A showing of sufficient cause is a ground for a continuance, but the decision to grant or deny a continuance rests with the sound discretion of the trial court. RCr 9.04. Only an abuse of that discretion would justify disturbing the trial court's ruling. *Stump v. Commonwealth*, Ky.App., 747 S.W.2d 607 (1987). Considering the time the appellant had prior to trial, we see no abuse of discretion by the trial court.

 The appellant's final argument is that the trial judge should have recused himself. Appellant alleges that the trial judge was prejudiced against him and cites a statement made by the court during a bond reduction hearing. The court therein stated that the court's knowledge of appellant's past actions had caused the court to have little faith in the appellant. We note that appellant had previously been convicted of bond jumping, a valid consideration in a decision on whether to modify an appearance bond. It is true that a judge should disqualify himself where his impartiality might reasonably be questioned. *Poorman v. Commonwealth*, Ky., 782 S.W.2d 603 (1989). Absent a showing of bias or prejudice, there are no grounds for recusal. SCR 4.300 Canon 3 (C)(1)(a); *White v. Commonwealth*, Ky., 310 S.W.2d 277, 278 (1958). In the present case, the court's remark was clearly made in reference to the appellant's past history for bond jumping. We therefore find no bias requiring recusal.

In accordance with the reasons heretofore given, the judgment of the Marshall Circuit Court is hereby affirmed.

McDONALD, J., concurs.

EMBERTON, J., concurs in result only.

---

clusion because *Corbett* clearly rejects pretrial attacks based upon ineffective assistance of counsel, but addressed on the merits the *Boykin* challenges raised therein, even though both are of a constitutional nature and arise from the Sixth Amendment to the U.S. Constitution. As to why *Corbett* did not even mention *Gadd*, or as to whether any other type of challenge to an underlying conviction should be handled as would an ineffective assistance of counsel claim (RCr 11.42) or as a *Boykin* claim (RCr 8.18), we can only speculate.