RENDERED:  AUGUST 28, 2020; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NOS. 2019-CA-000881-MR AND 2019-CA-000882-MR

RAYMOND E. BURCH                                      APPELLANT

APPEALS FROM EDMONSON CIRCUIT COURT
v.        HONORABLE PHILLIP R. PATTON, SPECIAL JUDGE
ACTION NOS. 14-CR-00090 AND 17-CR-00088

COMMONWEALTH OF KENTUCKY                              APPELLEE

OPINION
AFFIRMING

** ** ** ** **

BEFORE:  ACREE, CALDWELL, AND K. THOMPSON, JUDGES.

ACREE, JUDGE:  Raymond Earl Burch, *pro se*, appeals the Edmonson Circuit

Court's order denying his post-conviction motion for relief.  We affirm.

Burch appeals two of his criminal convictions arising in Edmonson

County.  The first case began on June 18, 2014.  The grand jury in Edmonson

County indicted Burch for:  (1) engaging in organized crime – criminal syndicate;

(2) manufacturing methamphetamine; (3) trafficking in a controlled substance in the first degree; (4) unlawful possession of a methamphetamine precursor; and (5) being a persistent felony offender in the first degree. Burch ultimately reached a plea agreement with the Commonwealth on June 19, 2017. Pursuant to that agreement, Burch was to plead guilty to: (1) engaging in organized crime; and (2) manufacturing methamphetamine. In exchange, the Commonwealth dismissed the other charges and recommended imprisonment for thirty years, but with twenty percent parole eligibility. The circuit court approved the plea agreement and entered judgment against Burch, sentencing him to thirty years.

Two months later, Burch's second case began. He was charged with bail jumping. Again, there was a plea agreement. This time, he pleaded guilty to bail jumping in return for a recommendation of imprisonment for two years.

The following month, Burch filed a motion to set aside his guilty plea in the first case, alleging he did not knowingly and voluntarily enter the plea. The judge disagreed and upheld his conviction.[1] The following year, Burch filed a motion for shock probation, which was denied. On January 23, 2019, Burch filed another motion to vacate his guilty plea. This time he filed it in both cases. He reasserted his original claim that he did not knowingly and voluntarily enter his

---

[1] We note that a ruling denying the motion is not in the record; however, on December 20, 2017, the court sentenced Burch to thirty years in prison.

plea but added an allegation that his trial counsel was ineffective. RCr[2] 11.42. The circuit court denied this motion in both cases. Thereafter, Burch filed these appeals.

When challenging a guilty plea based on ineffective assistance of counsel, the United States Supreme Court modified the *Strickland*[3] standard so that the appellant must show both that counsel: (1) made serious errors outside the wide range of professionally competent assistance; and (2) that the deficient performance so seriously affected the outcome of the plea process that but for the errors of counsel there is a reasonable probability that the appellant would not have pleaded guilty but would have instead insisted on going to trial. *Hill v. Lockhart*, 474 U.S. 52, 58-59, 106 S. Ct. 366, 370, 88 L. Ed. 2d 203 (1985); *Sparks v. Commonwealth*, 721 S.W.2d 726, 727-28 (Ky. App. 1986).

Burch argues his trial counsel was infective, in both indictments. Specifically, he believes his trial counsel: (1) coerced him into pleading guilty; (2) failed to prepare any defense for trial; and (3) failed to contact or call witnesses. We are not persuaded by Burch's arguments and affirm the circuit court's ruling.

It is well-established that a lawyer's advice that his client plead guilty is not an indicator of any degree of ineffective assistance. *Beecham v.*

---

[2] Kentucky Rules of Criminal Procedure.

[3] *Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984).

*Commonwealth*, 657 S.W.2d 234, 236-37 (Ky. 1983). Due to the difficulties inherent in making a fair assessment of trial counsel's performance, "a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance . . . ." *Strickland v. Washington*, 466 U.S. 668, 689, 104 S. Ct. 2052, 2065, 80 L. Ed. 2d 674 (1984); *Baze v. Commonwealth*, 23 S.W.3d 619, 625 (Ky. 2000), *overruled on other grounds by Leonard v. Commonwealth*, 279 S.W.3d 151 (Ky. 2009) ("The test for effective assistance of counsel is not what the best attorney would have done, but whether a reasonable attorney would have acted, under the circumstances, as defense counsel did at trial."). As a result, an appellant challenging a guilty plea based on ineffective assistance of counsel "must overcome the presumption that, under the circumstances, the challenged action 'might be considered sound trial strategy.'" *Strickland*, 466 U.S. at 689, 104 S. Ct. at 2065 (citation omitted).

Burch offers no specifics to support his allegations that he was afforded ineffective assistance of counsel, that he would have gone to trial rather than pleading guilty if not for counsel's errors, or that he was prejudiced by such errors. Burch faced charges that, if proved, could have resulted in life imprisonment. Instead, his counsel negotiated plea agreements that he receive thirty years with twenty percent parole eligibility in the first case, and a two-year sentence in the second. Additionally, Burch would not have been eligible for

parole for twenty years if he elected to go to trial and received the maximum sentence. *See* 501 KAR[4] 1:030(3)(e)(4).

Also, the videotape of both guilty plea hearings shows Burch pleaded guilty, waived his rights, and expressed his satisfaction with the legal representation provided to him. Not only did Burch fail to show any prejudice resulting from the alleged errors, it is clear on the face of the record that counsel's performance was not deficient under these circumstances. Hence, the circuit court did not err by denying his motions.

Burch also says his counsel should have prepared a defense and contacted witnesses. This law is well-settled. A plea of guilty waives all defenses except that the indictment fails to charge a public offense. *See Hughes v. Commonwealth*, 875 S.W.2d 99 (Ky. 1994); *Corbett v. Commonwealth*, 717 S.W.2d 831 (Ky. 1986). Burch cannot argue, under these circumstances, that his counsel was required to contact witnesses or prepare for a trial, nor does he say how doing so would have impacted his decision to plead guilty.

Given the attorney's actions in this case, we hold it was proper to recommend a guilty plea and counsel did not act ineffectively. Therefore, we affirm the circuit court's denial of Burch's RCr 11.42 motions in both of his cases.

ALL CONCUR.

---

[4] Kentucky Administrative Regulations.

BRIEF FOR APPELLANT:                    BRIEF FOR APPELLEE:

Raymond E. Burch, *pro se*              Andy Beshear
Central City, Kentucky                  Attorney General of Kentucky

                                        Perry T. Ryan
                                        Assistant Attorney General
                                        Frankfort, Kentucky