**Eugene PHILLIPS, Appellant,**

v.

**COMMONWEALTH of Kentucky, Appellee.**

Supreme Court of Kentucky.

Dec. 9, 1977.

Jack Emory Farley, Public Defender, William C. Ayer, Jr., Asst. Public Defender, Frankfort, for appellant.

Robert F. Stephens, Atty. Gen., B. Frank Radmacher, III, Asst. Atty. Gen., Frankfort, for appellee.

REED, Justice.

Eugene Phillips was indicted and tried for the offense of first-degree robbery, KRS 515.020, and for being a persistent felony offender, KRS 532.080. The jury convicted Phillips of first-degree robbery and fixed his punishment at 15 years' imprisonment. On the second stage of the bifurcated trial, the jury convicted Phillips of being a persistent felony offender, and he was sentenced to 40 years' imprisonment.

Phillips attacks only the conviction of being a persistent felony offender.

Phillips was convicted in the Letcher Circuit Court of the offense of storehouse breaking in 1942 and was sentenced to imprisonment for two years. In 1944 he was again convicted in Letcher County of the offense of housebreaking and sentenced to imprisonment for two years.

When the prosecution sought to introduce the 1942 and 1944 judgments of conviction, Phillips objected on the ground that the documents did not affirmatively show that Phillips was represented by counsel in the proceedings which resulted in his conviction. The trial judge advised Phillips that if he would state that he was not represented by a lawyer in the cases in question, the judgments would not be used. Phillips stood on his objection as made. The trial

court thereupon overruled the objection to the introduction of the previous judgments and they were then admitted into evidence and read to the jury. Phillips appeals and claims that the trial court violated the requirements announced by the United States Supreme Court in *Burgett v. Texas,* 389 U.S. 109, 88 S.Ct. 258, 19 L.Ed.2d 319 (1967).

In our view, Phillips has misconstrued the effect of 88 S.Ct. 258 (1967) as it applies to this case. In *Burgett* and in the cases decided by the U. S. Supreme Court both before *Burgett* and after its rendition, the absence of representation by counsel for the defendant accused of a felony was put in issue either by the testimony of the defendant or by an affirmative statement in the judgment of conviction that was used by the prosecution.

In the appeal under consideration the 1942 and 1944 Kentucky circuit court judgments were silent concerning whether Phillips was represented by a lawyer. There was no question of waiver, intelligent or otherwise, raised either by the prosecution or by Phillips. The trial judge advised Phillips in substance that if he stated that he was not represented by a lawyer in the cases in question the judgments would not be used. Phillips, the only available witness who knew the truth, remained as silent as the judgments of conviction. The ground of his objection was "the documents did not show that he was represented by counsel at either trial." To this hour, Phillips has never claimed that he was not represented by counsel at these trials, and, of course, the question of some waiver of counsel by him never came into issue and might not ever have been the subject of a claimed excuse by the prosecution even if Phillips had asserted that he was unrepresented by counsel on these occasions.

*Carnley v. Cochran,* 369 U.S. 506, 82 S.Ct. 884, 8 L.Ed.2d 70 (1962) was cited as authority in *Burgett,* supra. Carnley was tried in a Florida state court. The trial transcript showed that he tried to represent himself. It was undisputed that he was without counsel. He was convicted. The Florida Supreme Court rejected his appeal in which he asserted that he had been denied his constitutional right to counsel. The Florida Supreme Court held that since the record showed he did not have counsel, it would be presumed that he waived the benefit of counsel. The U. S. Supreme Court held that no such presumption of waiver of a constitutional right could be based on a silent record. Aside from the fact that our experience over the last thirty years in the Kentucky legal system convinces this court that substantially all indigent criminal defendants accused of felony were provided counsel in this state long before *Gideon v. Wainwright,* 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799 (1963), we are confident that Kentucky has never espoused a conclusive presumption of valid *waiver* of counsel if a silent record is the only evidence presented by the prosecution to rebut a claim of involuntary or unintelligent waiver of counsel by a defendant accused of felony as did Florida in *Carnley.*

In *Burgett v. State of Texas,* supra, the Supreme Court dealt with a one-stage recidivist trial where the prosecution introduced a Tennessee judgment of conviction for a previous offense. The certified Tennessee judgment originally introduced recited, "Came the Assistant Attorney-General for the State and the Defendant *in proper person and without Counsel."* The majority opinion held that this certified record on its face raised a presumption that petitioner was denied his right to counsel in the Tennessee proceeding and that, therefore, in the absence of other countervailing evidence the Tennessee conviction was void. The majority then added that presuming *waiver of counsel* from a silent record was impermissible under *Carnley.*

In April 1971, four years after *Burgett,* the Supreme Court disposed of the case of *Kitchens v. Smith,* 401 U.S. 847, 91 S.Ct. 1089, 28 L.Ed.2d 519, by a per curiam opinion. *Kitchens* pleaded guilty to robbery in a Georgia state court in 1944. He escaped while serving his sentence and did not return to Georgia until 1969. The Georgia courts rejected his habeas corpus claim that his conviction was void under *Gideon* be-

cause he was not represented by counsel. The Georgia Supreme Court said that although *Kitchens* testified that he did not have a lawyer, he did not say he wanted one, or asked for one, or that because of his poverty or for any other reason, he was unable to hire a lawyer. The U.S. Supreme Court said: "Of course, to establish his right to appointed counsel in 1944, petitioner had the burden of proving his inability at that time to hire an attorney." The court then went on to hold that the petitioner's uncontradicted testimony was sufficient to demonstrate that he was not afforded a lawyer and was unable to hire one because of his indigency.

The fallacy of Phillips' contention in this case is completely revealed when one analyzes the plurality opinion authored by Mr. Justice Stewart and Mr. Justice Rehnquist's dissent in *Loper v. Beto*, 405 U.S. 475, 92 S.Ct. 1014, 31 L.Ed.2d 374 (1972). *Loper* was decided five years after *Burgett*. Loper sought federal habeas corpus relief from a Texas state conviction for statutory rape. The prosecution had used previous convictions in other states, when he was cross-examined, to impeach his credibility as a witness. In the habeas corpus hearing, he testified that he was without counsel on the occasion of all the prior convictions which were used. A certified record of one of the proceedings recited that Loper appeared "in his own proper person." The record of another proceeding recited that Loper appeared "in person." The Supreme Court granted certiorari limited to a single question: "Does the use of prior void convictions for impeachment purposes deprive a criminal defendant of due process of law where their use might well have influenced the outcome of the case?" Not surprisingly, the Court's answer to this question was "yes." Footnote 6 of the plurality opinion states in part:

> "But despite these observations the Court of Appeals, perhaps recognizing the error in the statement of the District Court quoted above, did not rest its decision on a finding that the petitioner had failed *to meet his burden of proving the invalidity of the prior convictions.* It

reached the merits of the legal question involved, and we granted certiorari to review that decision. There is thus no basis in the record upon which we may either dismiss this case or affirm the decision below on the ground that *the petitioner did not meet his burden of proving* that the prior convictions were invalid. (citing cases)." (emphasis supplied).

In his dissent Mr. Justice Rehnquist points out that in *Johnson v. Zerbst*, 304 U.S. 458, 468–469, 58 S.Ct. 1019, 1025, 82 L.Ed. 1461 (1938), Mr. Justice Black stated: "Where a defendant, without counsel, acquiesces in a trial resulting in his conviction and later seeks release by the extraordinary remedy of habeas corpus, the burden of proof rests upon him to establish that he did not completely and intelligently waive his constitutional right to assistance of Counsel. If in a habeas corpus hearing, he does meet this burden and convinces the court by a preponderance of evidence that he neither had counsel, nor properly waived his constitutional right to counsel, it is the duty of the court to grant the writ." Thus it is demonstrated that in *Loper* both the plurality opinion and the dissenting Justice Rehnquist agreed on at least one proposition: the defendant has the burden to produce evidence that his constitutional right to counsel was improperly denied him. Therefore, this court rejects the apparently contradictory holdings in *McConahay v. State*, 257 Ark. 328, 516 S.W.2d 887 (1974) and *Highsmith v. State*, 55 Ala.App. 272, 314 So.2d 874 (1975).

If Phillips' argument is carried to its logical conclusion, thirty-year-old judgments must recite affirmatively, and in specific terms, that every constitutional right of a criminal defendant, either then known or later discovered and made retroactive, was afforded him. The defendant would not be required to assert that he had suffered the deprivation of a constitutional right, he need not risk perjury, all that is required is that he silently point to a silent record. The administration of criminal justice becomes a chess game totally unrelated to a search for truth.

Phillips had a constitutional right to counsel unless he voluntarily and intelligently waived that right. He has neither claimed that he had no counsel in this thirty-year-old conviction nor has he claimed that he waived counsel without knowledge of the extent of his rights. *Ingram v. Commonwealth*, Ky., 427 S.W.2d 815 (1968) and *McHenry v. Commonwealth*, Ky., 490 S.W.2d 766 (1973), were both correctly decided and are in harmony with the expressions of the Supreme Court of the United States in its subsequent application of the principle of *Burgett*.

The judgment is affirmed.

All concur.