**COMMONWEALTH of Kentucky, Movant,**

v.

**Jerry Nolan GADD, Respondent.**

Supreme Court of Kentucky.

March 8, 1984.

Steven L. Beshear, Atty. Gen., Robert V. Bullock, Asst. Atty. Gen., Frankfort, for movant.

Rebecca Westerfield, Asst. Public Advocate, Louisville, for respondent.

WINTERSHEIMER, Justice.

This appeal is from that part of a decision of the Court of Appeals which reversed Gadd's conviction of being a persistent felony offender in the first degree and directed that he be given a new trial on that phase of his sentence. He was found guilty of theft by unlawful taking of over $100 and as a persistent felony offender in the first degree. He was sentenced to ten years in prison.

The sole question here is a review of that portion of the Court of Appeals decision which held that a defendant may use the persistent felony offender portion of a trial to claim for the first time that he did not have an attorney at the time of his 1958 felony conviction.

This Court reverses the decision of the Court of Appeals because the trial court did not err in refusing to permit Gadd to introduce evidence raising the question of the invalidity of a previous conviction during his persistent felony-offender trial. A defendant who wishes to raise the constitutional invalidity of a previous conviction must do so by pretrial motion.

The trial court refused to permit Gadd to present evidence that he was not represented by counsel when he pled guilty to a felony in 1958 in Ohio. The trial judge ruled that this attack on the validity of the Ohio conviction could only be undertaken in the court where Gadd had been convicted.

The appellee then testified out of the presence of the jury by avowal, pursuant to RCr 9.52, stating that he was not represented by counsel at the time he pled guilty and was convicted in Ohio. On cross-examination, he said "Well the best I can remember, I didn't even have one." He later stated "I'm pretty positive I didn't have one because see I'm just making a statement the best I can remember that far back." Whether his testimony was believable is not before us to review because the trial court has never decided this question. The trial judge ruled that it was irrelevant.

■ The Kentucky Court of Appeals reversed Gadd's conviction as a persistent felony offender and ordered a new trial on this charge. The Court of Appeals was in error in making a finding of fact as to the constitutional invalidity of the previous conviction. This is a question as to the admissibility of evidence which should have been decided by the trial court, not the appellate court. The function of an appellate court is limited to a review of such questions if properly presented to the trial court after the trial court has made its ruling.

The records from Ohio are silent concerning whether Gadd was represented by counsel at the time he entered his guilty plea in 1958.

■ A duly authenticated record of a judgment and conviction which is silent on the exercise of constitutional rights is prima facie evidence to establish the fact of conviction. It is the fact of conviction which the Commonwealth seeks to prove in introducing the judgment against a defendant charged as a persistent felon. KRS 532.080 does not specify that the Commonwealth must affirmatively prove both the fact of conviction and that the previous conviction was not obtained by constitutionally impermissible means.

The decision of the United States Supreme Court in Burgett v. Texas, 389 U.S. 109, 88 S.Ct. 258, 19 L.Ed.2d 319 (1967), clearly provides that where a previous conviction is an element of the offense charged, the fact of conviction is not conclusive, and the previous conviction is subject to challenge as to constitutional validity at the trial of the new offense. In Burgett, supra, the Supreme Court was confronted with two records of conviction, one of which showed on its face that the defendant was not represented by counsel followed by a second record that was silent on the matter. The U.S. Supreme Court held that "presuming waiver of counsel from a silent record is impermissible."

Unlike Burgett, in this case, the Ohio conviction does not recite that Gadd appeared "without counsel." Here the nature of the record fails to suggest either the affirmative or the negative of this proposition. Here the face of the records does not show the conviction was obtained by constitutionally impermissible means.

■ Under the circumstances here, the fact of conviction is sufficient evidence to satisfy the requirement of proof that Gadd had been convicted of a previous felony.

This particular case raises a more general concern as to when a defendant, accused of being a persistent felony offender, can challenge the constitutional validity of a judgment underlying the charge. The real question is what happens when the accused is prepared to take the stand and testify establishing the alleged constitutional invalidity of a previous conviction, given the fact that the United States Supreme Court has decided that the conviction cannot be used against him if obtained under circumstances that are constitutionally invalid.

It is unreasonable to suggest that this appellee should have appealed his Ohio conviction at the time and likewise unreasonable to suggest that he should have gone back to the court in Ohio later to collaterally attack its validity. He testified in these proceedings that he pled guilty in Ohio because he was guilty and there was no reason for a collateral attack on that judgment until he was in custody for the present crime. Evidently it was only upon being charged with a new offense in Kentucky that Gadd realized he was faced with the possibility of a persistent felony convic-

tion. If then he desired to challenge the validity of an earlier conviction, he should have done so by a pretrial motion.

*Phillips v. Commonwealth*, Ky., 559 S.W.2d 724 (1977), provides a foundation for the procedure which should prevail. Phillips was tried as a PFO based on two 30-year-old convictions. He objected on the basis that the documents did not affirmatively show that he was represented by counsel, but refused to take the stand to deny it. After consideration of *Burgett, supra,* and *Loper v. Beto,* 405 U.S. 473, 92 S.Ct. 1014, 31 L.Ed.2d 374 (1972), this Court held that Phillips did not meet his burden of proof that the prior convictions were invalid. His PFO conviction was affirmed.

*Phillips, supra,* suggests that where the record is silent the defendant has both the burden of proving that the prior conviction was constitutionally invalid and the right to be heard on the subject during the progress of the current proceedings.

■ The only question not addressed by *Phillips* was when, during the progress of the present action, should it be heard? This is a preliminary matter which is properly presented by a motion that must be made before trial as in RCr 8.18. The defendant is apprised of the previous conviction that will be used against him by the face of the indictment. At this point, he should challenge by motion any conviction so appearing if he has evidence that it was obtained by means constitutionally impermissible. The decision to be made is one which is preliminary in nature. The question of some underlying constitutional invalidity should be raised by the defendant and decided before the trial as a threshold issue to the admissibility of the evidence of conviction at the trial itself.

Under RCr 7.24(2), the defendant is entitled to move for inspection and copying of all documents which will be used to establish the previous conviction. Such documents as well as any countervailing documents should be made available and should be examined at this preliminary hearing.

Although we recognize with reluctance that this may be a burden to the trial court, it is our belief that the United States Supreme Court decisions require this procedure.

The reopening of the judgment in a previous felony conviction under CR 60.02 has been foreclosed in *Gross v. Commonwealth,* Ky., 648 S.W.2d 853 (1983), and RCr 11.42 is also unavailable. *Alvey v. Commonwealth,* Ky., 648 S.W.2d 858 (1983). We must also deal in good faith with the defendant's right to confront the constitutional invalidity of the underlying conviction which the prosecution proposes to introduce against him.

■ Here the trial judge did not commit reversible error in refusing to permit Gadd the opportunity to introduce evidence raising the issue during trial because such a challenge must be made by a pretrial motion. The decision of the Court of Appeals is reversed.

All concur.