William T. RUDOLPH,
Petitioner–Appellant,

v.

Al C. PARKE, Respondent–Appellee.

No. 87–5924.

United States Court of Appeals,
Sixth Circuit.

Submitted May 12, 1988.
Decided Sept. 7, 1988.

William T. Rudolph, Kentucky State Reformatory, LaGrange, Ky., pro se.

David Armstrong, Atty. Gen. of Kentucky, Robert W. Hensley, Frankfort, Ky., for respondent-appellee.

Before WELLFORD, BOGGS and NORRIS, Circuit Judges.

WELLFORD, Circuit Judge.

William T. (Willie) Rudolph seeks habeas relief from his incarceration for being a persistent felony offender (PFO) under Kentucky law. Ky.Rev.Stat.Ann. § 532.080 (Michie/Bobbs Merrill 1985). For the reasons set out below, we affirm the district court's decision not to issue the writ.

In February 1986, Rudolph stood trial for trafficking in the drug Dilaudid and, be-

cause he had been convicted six times previously, for being a first degree persistent felony offender. Under Kentucky law, a defendant may be convicted as a PFO if he has been convicted of at least two felonies prior to the proceeding in which the penalty is being sought. In addition, the offender must have completed service of the sentence imposed on at least one of the convictions within five years of the present offense. Ky.Rev.Stat.Ann. § 532.080(3)(C)(1).

Each of Rudolph's previous convictions came as a result of a guilty plea. He admitted the validity of two convictions: a state conviction obtained in November 1981 and a federal proceeding from August 1979. Had only these two convictions been admitted, they would have been sufficient to convict him under the statute. The remainder were challenged because there was no evidence to show the pleas were taken in accordance with the safeguards set out in *Boykin v. Alabama*, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969).[1] The trial court nevertheless admitted all six convictions, and Rudolph was found guilty of the PFO charge.

On appeal to the Kentucky Supreme Court Rudolph again challenged the validity of the four prior convictions. In his reply brief, Rudolph alleged the admission of these additional convictions was not harmless error because it was possible that the jury did not reach a unanimous decision concerning which convictions it would rely on to convict him. Thus, it was possible, he alleged, that the jurors could have relied on the tainted convictions in finding him a persistent offender. The Kentucky court disposed of this claim by holding the convictions were properly admitted absent some evidence from the defendant that they were involuntary. *Rudolph v. Commonwealth*, No. 86–SC–471–MR (Ky. Oct. 16, 1986) (unpublished) (citing *Commonwealth v. Gadd*, 665 S.W.2d 915 (Ky.1984)). The other claimed errors were likewise dismissed.

The defendant then petitioned the district court for habeas relief presenting his "unanimous verdict" argument as one basis for granting the writ. The magistrate concluded first that this argument had not been presented to the Kentucky court, but then concluded that it had been. Treating the argument as an additional basis for suppressing the four convictions, the magistrate concluded the admission of this evidence did not operate to deprive Rudolph of a fair trial. Thus, he found no basis for habeas relief. This appeal followed.

The first issue we must face is whether Rudolph's majority verdict claim was "fairly presented" to the Kentucky courts. If it was not, his petition must be dismissed as premature under the rule of *Rose v. Lundy*, 455 U.S. 509, 102 S.Ct. 1198, 71 L.Ed.2d 379 (1982). As the magistrate noted, the issue did not appear in the petitioner's brief to the Kentucky Supreme Court, but it was raised in his reply brief to combat the suggestion that the admission of the convictions was harmless error if error at all. Rudolph raised the issue again in a petition for rehearing, which the Kentucky court denied. The question is whether an issue raised in such a posture satisfies the exhaustion requirement.

■ It is settled law in this circuit that a *constitutional claim which is presented to the state courts, regardless of whether they address and dispose of it, will satisfy the exhaustion requirement. Koontz v. Glossa*, 731 F.2d 365, 368 (6th Cir.1984); *Wiley v. Sowders*, 647 F.2d 642, 647 (6th Cir.), *cert. denied*, 454 U.S. 1091, 102 S.Ct. 656, 70 L.Ed.2d 630 (1981). In his reply brief before the Kentucky Supreme Court Rudolph stated, "[T]he verdict and judgment in this case also violate Appellant's rights to due process of law pursuant to the 14th Amendment of the United States Constitution.... The 'reasonable doubt' standard imposed by the federal constitution requires that at least a 'substantial

---

**1.** Specifically, Rudolph pointed to the fact that there was no transcript accompanying the convictions reflecting his voluntary and informed waiver of his right to trial. Under *Boykin,* such

a silent record may be the basis for a determination that a valid waiver was not given. 395 U.S. at 243, 89 S.Ct. at 1712.

majority' of the jury must be convinced as to a particular conclusion."

■ In light of this language, there can be little doubt that this issue was "fairly presented" for purposes of habeas relief. Rudolph phrased his challenge in terms of constitutional law as required in *Koontz*, and raised it again in his petition for rehearing before that court. The motion for rehearing was not necessary for purposes of exhaustion, but it reinforces our conclusion that the state court had a fair opportunity to address the issue. *See Tuggle v. Seabold*, 806 F.2d 87, 91 (6th Cir.1986) (petition for rehearing not necessary for exhaustion purposes). We will therefore address Rudolph's claim on its merits.

■ We first assume that three of the convictions challenged by the petitioner are invalid under the rule set out in *Boykin v. Alabama*, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969).[2] There is no dispute to Rudolph's assertion that these three convictions lack accompanying transcripts evincing his voluntary waiver of his right to a jury trial, his right not to incriminate himself, and his right of confrontation. When this is the case, the rule of *Boykin* is clear: "We cannot presume a waiver of these important federal rights from a silent record." 395 U.S. at 243, 89 S.Ct. at 1712. Thus, the convictions cannot be presumed valid and may not be used against a defendant. To the extent that Kentucky courts have held otherwise, we believe they are incorrect. *See Dunn v. Commonwealth*, 703 S.W.2d 874 (Ky.1985) (defendant has burden of showing pleas were involuntary in the face of a silent record); *cert. denied*, 479 U.S. 832, 107 S.Ct. 121, 93 L.Ed.2d 67 (1986); *Commonwealth v. Gadd*, 665 S.W.2d 915 (Ky.1984) (same).

While the Constitution does not require a unanimous jury verdict, due process at least requires that a majority of jurors agree upon the circumstances creating a defendant's guilt. *See, e.g., Burch v. Louisiana*, 441 U.S. 130, 99 S.Ct. 1623, 60 L.Ed. 2d 96 (1979). Rudolph relies on *United States v. Gipson*, 553 F.2d 453 (5th Cir.

1977), to support his argument that due process was denied here.

*Gipson* stands for the proposition that when a jury can reach a verdict based on differing versions of how a crime was committed, due process has been violated. In that case the defendant was tried for selling a stolen vehicle, 18 U.S.C. § 2313. The trial court's instructions made it possible to find the defendant guilty if a juror believed defendant committed any one of several different acts: receiving, concealing, storing, bartering, or disposing of a stolen vehicle. 553 F.2d at 458. Because it was possible for a few jurors to base a guilty verdict on one action and others to find guilt based on another, the *Gipson* court was unwilling to find the error harmless. *Id.* at 459. This is not the case here.

Were we to grant the writ and order the Commonwealth to conduct a new trial, there is no question but that Rudolph would be convicted again. He has conceded the validity of enough convictions to convict him under Ky.Rev.Stat.Ann. § 532.080, and, in addition, the challenged 1961 conviction cannot be set aside under *Boykin*. Unlike the case in *Gipson*, there are no witnesses whose credibility may be challenged, nor any chance that cross examination will reveal a weakness in the government's case. Under Kentucky's recidivism law, the introduction of the requisite number of valid convictions is conclusive, leaving little room for defense. For this reason we hold that in this case the error committed by the state trial court in admitting the three invalid guilty pleas is harmless. *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). We likewise find Rudolph's other claims meritless.

Accordingly, we AFFIRM the district court's denial of the writ.

---

**2.** One of the challenged convictions occurred in 1961. Because it predates *Boykin*, it is not subject to the requirements of that case. *Hendron v. Cowan*, 532 F.2d 1081 (6th Cir.1976).