897 F.2d 530
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Maurice SULLIVAN and Anthony Newell, Defendants-Appellants.
 Nos. 89-5428, 89-5436.
 United States Court of Appeals, Sixth Circuit.
 March 6, 1990.
 
 Before KRUPANSKY and DAVID A. NELSON, Circuit Judges, and ROBERT HOLMES BELL, District Judge.*
 PER CURIAM.
 
 
 1
 This is a consolidated appeal by defendants-appellants, Maurice Sullivan (Sullivan) and Anthony Newell (Newell), from their convictions pursuant to a jury trial and subsequent sentences.
 
 
 2
 Sullivan was convicted of two counts of being a felon in possession of a firearm in violation of 18 U.S.C. Sec. 922(g) and sentenced to 20 years imprisonment without parole on each count to run concurrently, pursuant to the Armed Career Criminal Act, 18 U.S.C. Sec. 924(e)(1). On appeal, Sullivan has raised numerous issues concerning his trial and subsequent sentence.
 
 
 3
 Upon review of Sullivan's assignments of error, the record in its entirety, the briefs of the parties and the oral arguments of counsel, this court concludes Sullivan's contentions are without merit and hereby AFFIRMS his conviction and sentence.
 
 
 4
 The other defendant-appellant, Newell, was convicted on one count of being a felon in possession of a firearm in violation of 18 U.S.C. Sec. 922(g) and sentence to 15 years imprisonment, without parole, pursuant to the Armed Career Criminal Act, 18 U.S.C. Sec. 924(e)(1). On appeal, Newell has argued, in addition to other assignments of error, that the trial court erred in relying on a 1966 felony conviction for enhancement purposes under 18 U.S.C. Sec. 924(e) which did not satisfy the standards set forth in Boykin v. Alabama, 395 U.S. 238 (1969).
 
 
 5
 In Boykin, the Supreme Court concluded that it was impermissible to presume from a silent record that a guilty plea was entered intelligently and voluntarily. If the government cannot established that the guilty plea was voluntarily given, the prior conviction cannot be presumed valid, and consequently, may not be used as a predicate felony conviction for purposes of enhancing a defendant's sentence under the Armed Career Criminal Act. Rudolph v. Parke, 856 F.2d 738, 740 (6th Cir.1988). In the case at bar, Newell has contended that his guilty plea to a 1966 burglary charge, Criminal No. 130954, which conviction the district court relied upon to enhance his sentence, was not voluntarily given and that the government has not satisfied the requirements of Boykin.
 
 
 6
 While it is true that an affidavit of Newell's defense attorney attesting to the voluntariness of Newell's guilty plea was insufficient under Boykin to support a conclusion that the guilty plea was voluntarily entered, this circuit has consistently concluded that Boykin, decided in 1969, was not to be applied retroactively. Rudolph v. Parke, 856 F.2d 738, 740 (6th Cir.1988); Hendron v. Cowan, 532 F.2d 1081, 1083 (6th Cir.1976). Because the 1966 burglary conviction pre-dated the mandate of Boykin, it is not controlling in the disposition of the instant case.
 
 
 7
 Having reviewed the record in its entirety, the briefs of the parties and the oral arguments of counsel, this court concludes that Newell's guilty plea in the 1966 burglary conviction was given intelligently and voluntarily under pre-Boykin standards. See Lawrence v. Russell, 430 F.2d 718 (6th Cir.1970). Accordingly, Newell's conviction and sentence is hereby AFFIRMED.
 
 
 
 *
 The Honorable Robert Holmes Bell, United States District Judge for the Western District of Michigan, sitting by designation