929 F.2d 700
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Robert CALHOUN, Petitioner-Appellant,
v.
Thomas DREHER, Respondent-Appellee.
 No. 90-6334.
 United States Court of Appeals, Sixth Circuit.
 March 29, 1991.
 
 W.D.Ky., No. 90-60132; Ballautuie, J.C.J.
 
 
 1
 W.D.Ky.
 
 
 2
 AFFIRMED.
 
 
 3
 Before NATHANIEL R. JONES and SUHRHEINRICH, Circuit Judges, and JOINER, Senior District Judge.*
 
 ORDER
 
 4
 Robert Calhoun, a pro se Kentucky prisoner, appeals the district court's order dismissing his petition for writ of habeas corpus filed pursuant to 28 U.S.C. Sec. 2254. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the briefs and the record, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 5
 In 1983, Calhoun was found guilty by a jury of first degree robbery. Calhoun then pleaded guilty to being a first degree persistent felony offender (PFO). The trial court subsequently sentenced Calhoun to twenty years imprisonment. On direct appeal, the Kentucky Supreme Court affirmed Calhoun's conviction and sentence.
 
 
 6
 Calhoun then filed a motion for a new trial, which was overruled by the trial court. The Kentucky Court of Appeals affirmed this ruling. In October 1988, Calhoun filed a motion pursuant to Ky.R.Crim.P. 11.42 challenging his PFO conviction. The trial court also overruled this motion and that decision was affirmed on appeal.
 
 
 7
 Calhoun then filed the present petition for writ of habeas corpus. Calhoun alleged nine grounds for relief: (1) the trial court failed to make a record of the grand jury proceedings leading to Calhoun's indictment, (2) the trial court failed to conduct a hearing on the admissibility of a previous conviction as evidence in the persistent felony offender proceedings, (3) the trial court failed to grant a new trial, (4) a variance existed between the indictment and the jury instructions, (5) the trial court improperly charged the jury on the class of felony, (6) the trial court improperly admitted evidence of a collateral criminal matter, (7) insufficient evidence existed to convict Calhoun, (8) invalid convictions were used to support the PFO conviction, and (9) Calhoun did not knowingly and intelligently enter a guilty plea for his PFO conviction. The district court determined that Calhoun's claims were either barred or meritless and dismissed the petition. Calhoun has filed a timely appeal. In his brief, he requests the appointment of counsel and a transcript at government expense.
 
 
 8
 Upon review, we conclude that the district court properly dismissed Calhoun's claims that are reviewable on appeal because a state procedural bar prohibits federal habeas review of those claims. See Engle v. Isaac, 456 U.S. 107, 126-29 (1982).
 
 
 9
 Initially, we note that Calhoun only challenges the district court's rulings on the issues concerning the use of prior convictions to support his PFO conviction. Therefore, the remaining issues not raised on appeal are considered abandoned and not reviewable. See McMurphy v. City of Flushing, 802 F.2d 191, 198-99 (6th Cir.1986). Further, Calhoun has alleged for the first time on appeal that the use of these prior convictions violates the ex post facto clause. Since this claim was not raised in the district court, the court will not address it for the first time on appeal. See White v. Anchor Motor Freight, Inc. 899 F.2d 555, 559 (6th Cir.1990).
 
 
 10
 Calhoun failed to properly preserve the remaining issues concerning his PFO conviction for federal review. Calhoun did not comply with Kentucky's procedural rule requiring him to raise the issue of prior convictions before trial in order to preserve this claim for appellate review. See Ky.R.Crim.P. 8.18; Commonwealth v. Gadd, 665 S.W.2d 915, 918 (Ky.1984). Since a procedural default barred state litigation of the claim, Calhoun must establish cause and prejudice to excuse his failure to properly present this issue to the state courts before a federal court can review the issue. See Teague v. Lane, 489 U.S. 288, 298-99 (1989); Leroy v. Marshall, 757 F.2d 94, 97-99 (6th Cir.), cert. denied, 474 U.S. 831 (1985). Calhoun has failed to offer sufficient cause and prejudice to excuse his failure to properly preserve this issue. Consequently, this claim is not properly reviewable in a federal habeas corpus proceeding.
 
 
 11
 Accordingly, we deny counsel and a free transcript and affirm the district court's judgment for the reasons stated in the court's order filed on October 12, 1990. Rule 9(b)(5), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Charles W. Joiner, Senior U.S. District Judge for the Eastern District of Michigan, sitting by designation