945 F.2d 404
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Fermin DIAZ, Petitioner-Appellant,
v.
Arthur TATE, Jr., Supt., Respondent-Appellee.
 No. 91-3251.
 United States Court of Appeals, Sixth Circuit.
 Oct. 3, 1991.
 
 1
 Before NATHANIEL R. JONES and DAVID A. NELSON, Circuit Judges, and ROSEN, District Judge.*
 
 ORDER
 
 2
 Fermin Diaz, an Ohio prisoner, appeals a district court judgment dismissing his petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2254. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 In 1980, Diaz was convicted by a jury on one count of murder and sentenced to fifteen years to life imprisonment. On direct appeal to the Ohio Court of Appeals, Diaz alleged that: 1) insufficient evidence existed to convict him; 2) the trial court improperly denied his motion for acquittal; 3) the trial court improperly admitted the testimony of a witness; and 4) the trial court improperly failed to instruct on a lesser included offense. The Ohio Court of Appeals affirmed his conviction.
 
 
 4
 Diaz then sought leave to appeal to the Ohio Supreme Court. Diaz alleged the same grounds, except for the second issue which was not raised. The Ohio Supreme Court subsequently denied the application.
 
 
 5
 Diaz then filed a petition for post-conviction relief in state court, alleging that he received ineffective assistance of counsel because: 1) his counsel failed to call three witnesses at trial; 2) counsel refused to allow Diaz to testify at trial or put on any other evidence; and 3) counsel failed to request a jury instruction on the effect of intoxication as a defense. The trial court dismissed his petition as meritless. The Ohio Court of Appeals affirmed the dismissal and the Ohio Supreme Court denied leave to appeal.
 
 
 6
 Diaz then filed the present petition for writ of habeas corpus. In his petition, he alleged that: 1) insufficient evidence existed to convict him; 2) the trial court improperly admitted evidence at trial; 3) the trial court improperly failed to instruct on the lesser included offense of voluntary manslaughter; and 4) Diaz received the ineffective assistance of counsel. All of the grounds alleged in his state post-conviction petition concerning ineffective assistance of counsel were raised in the present petition. At the evidentiary hearing conducted by the magistrate, court-appointed counsel for the first time raised the issue of ineffective assistance of counsel due to an alleged conflict of interest on the part of Diaz's trial counsel.
 
 
 7
 The magistrate determined that all of Diaz's claims were without merit. The conflict of interest claim, in addition to being meritless, was barred, or not exhausted because Diaz had not presented this issue to the state courts. Further, he had not shown cause and prejudice to excuse his failure to present the claims.
 
 
 8
 In his objections, Diaz only challenged the magistrate's determinations concerning his ineffective assistance of counsel and conflict of interest claim. Therefore, the district court concluded that the other claims were waived. The district court further determined that his ineffective assistance of counsel claims were meritless and that the conflict of interest claim was either barred or not exhausted and meritless. Consequently, the court dismissed the petition.
 
 
 9
 On appeal, as his sole ground, Diaz argues that he received ineffective assistance of counsel due to his counsel's conflict of interest. Consequently, since all other issues asserted in the district court have not been raised, they are considered abandoned on appeal and not reviewable. See McMurphy v. City of Flushing, 802 F.2d 191, 198-99 (6th Cir.1986).
 
 
 10
 Upon review, we determined that Diaz did not present his remaining claim to the Ohio state courts, as he is required to do. See Rudolph v. Parke, 856 F.2d 738, 739-40 (6th Cir.1988). As Diaz appears to have no additional state court remedies remaining, he must show cause and prejudice for his failure to present this issue to the state courts. Teague v. Lane, 489 U.S. 288, 298-99 (1989). Diaz has failed to make this showing.
 
 
 11
 Accordingly, we affirm the district court's judgment. Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Gerald E. Rosen, U.S. District Judge for the Eastern District of Michigan, sitting by designation