953 F.2d 644
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Richard HAYWARD, Petitioner-Appellant,
v.
David L. BAKER, Warden, Respondent-Appellee.
 No. 91-3804.
 United States Court of Appeals, Sixth Circuit.
 Jan. 28, 1992.
 
 Before RALPH B. GUY, Jr., ALAN E. NORRIS and BATCHELDER, Circuit Judges.
 
 ORDER
 
 1
 Richard Hayward, a pro se Ohio prisoner, appeals the district court's order dismissing his petition for a writ of habeas corpus filed under 28 U.S.C. § 2254. Additionally, he has filed a motion for miscellaneous relief. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 A Guernsey County, Ohio, jury convicted Hayward of murder. He was sentenced to fifteen years to life imprisonment.
 
 
 3
 The Court of Appeals of Ohio, Fifth Appellate District, affirmed the judgment of the trial court in an opinion filed December 7, 1981. On September 12, 1984, the Supreme Court of Ohio denied leave to appeal for lack of a substantial constitutional question.
 
 
 4
 On December 1, 1982, Hayward filed a petition for post-conviction relief pursuant to Ohio Rev.Code § 2953.21 in the Guernsey County, Ohio, Common Pleas Court, seeking a reduction of his sentence. On December 17, 1982, the Common Pleas Court dismissed the petition finding no substantive grounds for relief. On March 21, 1983, the Court of Appeals of Ohio affirmed the decision of the Common Pleas Court. Hayward did not appeal that decision to the Supreme Court of Ohio.
 
 
 5
 Thereafter, Hayward filed a second post-conviction petition in the Common Pleas Court, alleging that the trial court erred in allowing the trial to proceed while the issue of Hayward's competency was pending. On July 1, 1983, the Common Pleas Court dismissed Hayward's second post-conviction petition. On December 16, 1983, the Court of Appeals of Ohio affirmed the Common Pleas Court decision. Hayward's subsequent motion for leave to appeal to the Supreme Court of Ohio was dismissed sua sponte on June 26, 1985, for lack of a substantial constitutional question.
 
 
 6
 Hayward then filed a petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254, in the United States District Court for the Northern District Court of Ohio, alleging the following: 1) improper contact between the jury and witnesses; 2) improper admission of hearsay testimony; 3) insufficient evidence; and 4) ineffective assistance of counsel. On August 26, 1986, the district court denied the petition pursuant to a magistrate's recommendation. On June 4, 1987, this court affirmed the district court's order denying the habeas petition.
 
 
 7
 Thereafter, Hayward filed a "Delayed Motion For Reconsideration Or Any Other Relief Available In This Court" in the Court of Appeals of Ohio, asserting: 1) ineffective assistance of appellate counsel arising out of counsel's failure to challenge what Hayward contended was a plainly erroneous jury instruction on intent; and 2) counsel failure to adequately prepare the appeal or advise Hayward. The Court of Appeals denied Hayward's motion for the reason that there existed no jurisdictional grounds for relief.
 
 
 8
 Hayward, thereafter, sought leave to appeal the Court of Appeals's decision to the Supreme Court of Ohio. By an entry dated January 24, 1990, the Supreme Court of Ohio denied the motion without opinion.
 
 
 9
 Hayward filed the instant petition for habeas corpus relief on March 5, 1990, alleging ineffective assistance of appellate counsel as the basis for relief. The district court dismissed the petition after concluding that Hayward had failed to exhaust available state court remedies. Hayward's subsequent motion for reconsideration was denied in an order filed July 30, 1991.
 
 
 10
 Based upon a careful review of the record, this court concludes that the district court did not err in dismissing the petition for a writ of habeas corpus. See 28 U.S.C. § 2254(b), (c); Rudolph v. Parke, 856 F.2d 738, 739-40 (6th Cir.1988); Pillette v. Foltz, 824 F.2d 494, 496 (6th Cir.1987). Hayward has not exhausted his available state court remedies. Under Ohio law, a claim of ineffective assistance of appellate counsel may be raised by way of a petition to vacate or set aside sentence pursuant to Ohio Rev.Code § 2953.21, see Manning v. Alexander, 912 F.2d 878, 881-82 (6th Cir.1990), or through a petition for rehearing before the Ohio Supreme Court, see In re Brown, 49 Ohio St.3d 222, 223, 551 N.E.2d 954, 955 (1990).
 
 
 11
 Accordingly, the motion for miscellaneous relief is denied and the district court's order is hereby affirmed pursuant to Rule 9(b)(3), Rules of the Sixth Circuit.