19 F.3d 1434
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Oakey W. THOMAS, Petitioner-Appellant,
v.
Walt CHAPLEAU, Warden; Attorney General of Kentucky,
Respondents-Appellees.
 No. 93-6180.
 United States Court of Appeals, Sixth Circuit.
 March 21, 1994.
 
 Before: JONES, BOGGS, and DAUGHTREY, Circuit Judges.
 
 ORDER
 
 1
 Oakey W. Thomas appeals a district court judgment dismissing his petition for a writ of habeas corpus filed under 28 U.S.C. Sec. 2254. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Following a jury trial in the Franklin County, Kentucky, Circuit Court in 1986, Thomas was convicted of complicity to first-degree robbery and of being a persistent felon. Thomas was sentenced to twenty-eight years in prison. The Kentucky Supreme Court affirmed Thomas's convictions on direct appeal.
 
 
 3
 Next, Thomas filed a motion for post-conviction relief in the trial court under Ky.R.Crim.P. 11.42. Following an evidentiary hearing, the trial court denied relief. The Kentucky Court of Appeals affirmed the denial, and the Kentucky Supreme Court denied Thomas's pro se motion for an enlargement of time in which to file a motion for discretionary review.
 
 
 4
 Thereafter, Thomas filed a second motion for post-conviction relief under Ky.R.Crim.P. 11.42. The trial court denied the motion, and the Kentucky Court of Appeals dismissed Thomas's appeal taken from the trial court's judgment. The Kentucky Supreme Court again denied a motion for an enlargement of time in which to file a motion for discretionary review.
 
 
 5
 Next, Thomas filed his petition for a writ of habeas corpus in the district court asserting as grounds for relief: (1) that insufficient evidence supports his complicity conviction; (2) that the prosecuting witness committed perjury; (3) that his persistent felony offender conviction is unconstitutional; and (4) that he received ineffective assistance of counsel at trial and on direct appeal. Respondents filed a motion to dismiss the petition or for summary judgment, and Thomas replied in opposition. The magistrate judge recommended that respondents' motion to dismiss be granted, and Thomas filed objections. The district court adopted the magistrate judge's recommendation and dismissed the petition.
 
 
 6
 Upon consideration, we affirm the judgment for reasons other than those stated by the district court with respect to petitioner's sufficiency of the evidence claim. See Foster v. Kassulke, 898 F.2d 1144, 1146 (6th Cir.1990). Generally, a Sec. 2254 petitioner is required to fairly present claims to the state courts before habeas relief is available in the federal courts. See Castille v. Peoples, 489 U.S. 346, 349 (1989). Moreover, the claims must be couched in federal constitutional terms. Riggins v. McMackin, 935 F.2d 790, 792-93 (6th Cir.1991); Shoultes v. Laidlaw, 886 F.2d 114, 117 (6th Cir.1989); Rudolph v. Parke, 856 F.2d 738, 739-40 (6th Cir.1988). Here, petitioner did not properly present any of his claims in the state courts and has not shown cause and prejudice for the failure to do so. Teague v. Lane, 489 U.S. 288, 298-99 (1989); Murray v. Carrier, 477 U.S. 478, 488 (1986); Riggins, 935 F.2d at 793. Moreover, any claim of factual innocence is not colorable. See Coleman v. Thompson, 111 S.Ct. 2546, 2566 (1991).
 
 
 7
 Accordingly, the judgment of the district court is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.