RENDERED: DECEMBER 6, 2024; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

### NO. 2023-CA-1079-MR

JEFFERY CARPENTER          APPELLANT

           APPEAL FROM LOGAN CIRCUIT COURT
v.       HONORABLE JOE W. HENDRICKS, JR., JUDGE
           ACTION NO. 85-CR-00050

COMMONWEALTH OF KENTUCKY        APPELLEE

### OPINION AFFIRMING IN PART, REVERSING IN PART, AND REMANDING

** ** ** ** **

BEFORE: THOMPSON, CHIEF JUDGE; A. JONES AND LAMBERT, JUDGES.

JONES, A., JUDGE: Jeffery Carpenter, *pro se*, appeals an order of the Logan Circuit Court denying his motion for relief pursuant to CR[1] 60.02 as frivolous and successive. The circuit court also enjoined Carpenter from filing any further post-

---

[1] Kentucky Rule of Civil Procedure.

conviction motions in the underlying action. To the extent that the circuit court's order is in contravention of *Violett v. Grise*, 664 S.W.3d 481, 486 (Ky. 2022), we reverse and remand. We otherwise affirm. We also enter a separate order directing that any future filings by Carpenter in this Court, either as an appeal or as an original action, shall be presented to a three-judge panel for review of whether the matter is frivolous and should be summarily dismissed.

## I. FACTUAL AND PROCEDURAL BACKGROUND

In 1985, Carpenter entered a guilty plea to burglary in the third degree in Logan County Case No. 85-CR-00050. The intended sentence was four years' incarceration, probated for five years. However, Carpenter was not formally sentenced, and a final order was not entered in the case until 1989. Although the record before us is unclear regarding the reasons why there was approximately four years between entry of Carpenter's plea and final sentencing, in his brief to this Court, Carpenter states that, in December 1985, he began serving separate sentences for other convictions and was not released on parole until February 1987. Regardless, in 1989, the case was once again on the circuit court's docket and Carpenter was granted probation. He did not appeal his conviction. In 1990,

Carpenter's probation was revoked, and he was remanded to custody to complete his sentence.[2]

In 2004, Carpenter filed a motion to vacate his sentence pursuant to RCr[3] 11.42. It was denied by the circuit court as untimely, and this Court affirmed.[4] The instant action has also been before this Court four additional times for Carpenter's attempts to persuade this Court to issue a writ of mandamus for various CR 60.02 motions he claimed were pending before the circuit court. Each filing was either dismissed or denied by this Court. *See* Nos. 2020-CA-1050-OA; 2020-CA-1137-OA;[5] 2022-CA-0750-OA; and 2023-CA-0424-OA.[6]

In 2014, Carpenter filed another motion to vacate his sentence pursuant to CR 60.02.[7] Therein, he argued he did not have counsel during (1) plea

---

[2] It appears from the record before us that Carpenter was serving multiple sentences at this time. In Carpenter's brief, he indicates he was sentenced on a separate burglary charge in 1989, and he took part in a "jail break" while incarcerated that resulted in another conviction in 1990.

[3] Kentucky Rule of Criminal Procedure.

[4] *See* Kentucky Court of Appeals Case No. 2006-CA-0028-MR.

[5] In original action No. 2020-CA-1137-OA, Carpenter asked for a writ of mandamus on a motion pursuant to CR 60.02 he alleged was filed in the circuit court on November 19, 2019. The circuit court responded that no motion was filed. The record before us also shows no motion was filed. This Court subsequently dismissed Carpenter's petition.

[6] In original action No. 2023-CA-0424-OA, Carpenter petitioned this Court for a writ of mandamus for a motion pursuant to CR 60.02 he alleged was filed in the circuit court on March 9, 2023. The circuit court responded that no motion was filed. The record before us also shows no motion was filed. This Court denied Carpenter's petition.

[7] The order currently on appeal states that Carpenter filed a post-conviction motion in 2002 that raised the same issues and was denied. Although the motion does appear in the case history

negotiations, (2) sentencing, or (3) probation revocation. In denying his motion, the circuit court found that the Judgment of Conviction on Guilty Plea indicated that Carpenter "appeared openly in court with his court appointed attorney, the Honorable Tom Noe, and entered a guilty plea only after Noe advised the Court that [Carpenter] desired to enter a plea of guilty[.]" The circuit court also noted that the Guilty Plea Memorandum was signed by both Carpenter and Noe. Carpenter did not appeal the circuit court's 2014 order.

The record before us reveals that, in 2020, Carpenter filed a motion to vacate his sentence pursuant to CR 60.02 due to the COVID-19 pandemic. The circuit court denied his motion, and Carpenter did not appeal.

On February 2, 2022, Carpenter filed another motion to vacate his sentence pursuant to CR 60.02, alleging that his sentence was illegal because it had "expired" before he was actually sentenced, and again alleging he did not have counsel. The circuit court denied relief, finding the motion was successive and frivolous. The court also enjoined Carpenter from filing any other post-conviction motions. This appeal followed.

---

supplied by the Logan County clerk, neither the 2002 motion nor order appear in the record before us and were not the basis for an appeal to this Court.

-4-

## II. STANDARD OF REVIEW

We review the denial of a CR 60.02 motion under an abuse of discretion standard. *Brown v. Commonwealth*, 932 S.W.2d 359, 361 (Ky. 1996). The test for abuse of discretion is whether the trial court's decision was arbitrary, unreasonable, unfair, or unsupported by sound legal principles. *Commonwealth v. English*, 993 S.W.2d 941, 945 (Ky. 1999). We affirm the lower court's decision unless there is a showing of some "flagrant miscarriage of justice." *Gross v. Commonwealth*, 648 S.W.2d 853, 858 (Ky. 1983).

## III. ANALYSIS

On appeal, Carpenter continues to argue that his nearly forty-year-old conviction and sentence is illegal. His motivation and reasoning for doing so is that, if his conviction in Logan County Case No. 85-CR-00050 is vacated, it could not be used as the basis for several subsequent convictions as a persistent felony offender (PFO), and those convictions must also then be vacated. To that end, not only has Carpenter tried repeatedly to vacate his conviction in Logan County Case No. 85-CR-00050 directly, but he has also attempted to vacate it via appeals in at least one other action in which the conviction was used as the basis for a PFO conviction. For example, in a recent appeal from Butler County Case No. 00-CR-00042:

> Carpenter was indicted on August 10, 2000, upon 31 counts of first-degree sexual abuse of a female under

twelve years of age and with being a [PFO] in the first degree. On April 17, 2003, following a jury trial, Carpenter was convicted of one count of sexual abuse in the first degree and found to be a PFO in the first degree. He was subsequently sentenced to fifteen-years' imprisonment. Carpenter's conviction was affirmed by this Court in an Opinion rendered June 10, 2005 (Appeal No. 2003-CA-001005-MR). Discretionary review was denied by the Kentucky Supreme Court.

Since then, Carpenter has filed numerous postconviction motions repeatedly seeking RCr 11.42 and CR 60.02 relief. We need not discuss their substance, as those motions have already been thoroughly documented in prior opinions of this Court. *See, e.g.*, *Carpenter v. Commonwealth*, No. 2020-CA-0372-MR, 2021 WL 3116999 (Ky. App. Jul. 23, 2021); *Carpenter v. Commonwealth*, No. 2018-CA-000574-MR, 2019 WL 3370666 (Ky. App. Jul. 26, 2019); *Carpenter v. Commonwealth*, No. 2014-CA-000178-MR, 2015 WL 136037 (Ky. App. Jan. 9, 2015). The instant appeal involves his *tenth* CR 60.02 motion, which he filed on August 22, 2022. **There, Carpenter asked the Butler Circuit Court to "correct" his "illegal sentence" because, in his view, his PFO conviction from 2003 had been improperly predicated upon two of his felony convictions, entered in Logan Circuit Court during the 1980's and 1990's, which he asserted were invalid**.

**In sum, Carpenter believed his prior conviction of third-degree burglary in Logan Circuit Court Case No. 85-CR-00050 was illegal because, while he had entered a guilty plea to that offense in 1985, no judgment or sentencing order had been entered by the court in that matter until 1989. Therefore, he reasoned, his conviction in that matter had served as an improper predicate for his conviction of PFO in the second degree in his subsequent felony case in Logan Circuit Court – No. 89-CR-00094; and that**

-6-

**latter case, in turn, had served as an improper predicate for his PFO in the first degree in the instant case. In his CR 60.02 motion, Carpenter asked the circuit court to review those predicate convictions; determine that they were illegal; and to accordingly vacate his PFO conviction and adjust his sentence**.

But, the circuit court denied his motion because Carpenter had also been convicted of at least two *other* felonies prior to his indictment in the underlying matter and had been on parole for a felony conviction when he committed the underlying offense in the instant case. *See* Kentucky Revised Statute (KRS) 532.080(3)(c)2. Thus, it found Carpenter had been properly convicted of being a PFO in the first degree regardless.

Carpenter now appeals. We now affirm, and for two alternative reasons. First, we agree with the circuit court's analysis. Second, Carpenter's argument regarding the purported illegality of his predicate convictions was not, in any event, a proper ground for CR 60.02 relief. As our Supreme Court has explained:

> In *Commonwealth v. Gadd*, 665 S.W.2d 915, 917 (Ky. 1984), this Court observed that the persistent felony offender statute requires that the prosecution prove only the fact of a previous conviction beyond a reasonable doubt; it does not require the Commonwealth to affirmatively prove the previous conviction was not obtained by constitutionally impermissible means. *Accord McGuire v. Commonwealth*, 885 S.W.2d 931, 937 (Ky. 1994) ("KRS 532.080(2) and (3) require proof of the fact of 'previous felony convictions' and not their underlying validity."). The *Gadd* Court also declared a defendant must file a pretrial motion to challenge the constitutional validity of a prior felony

conviction which serves as the basis for a persistent felony offender charge. 665 S.W.2d at 918. Specifically, the Court stated:

> [The challenge to the validity of an earlier conviction] is a preliminary matter which is properly presented by a motion that must be made before trial as in [Kentucky Rule of Criminal Procedure (RCr)] 8.18. The defendant is apprised of the previous conviction that will be used against him by the face of the indictment. At this point, he should challenge by motion any conviction so appearing if he has evidence that it was obtained by means constitutionally impermissible. The decision to be made is one which is preliminary in nature. The question of some underlying constitutional invalidity should be raised by the defendant and decided before the trial as a threshold issue to the admissibility of the evidence of conviction at the trial itself.

We have since clarified that collateral review of a prior felony conviction serving as the basis for PFO sentence enhancement is only available when a defendant claims a complete denial of counsel in the prior proceeding. *See McGuire*, 885 S.W.2d at 937; *Commonwealth v. Fugate*, 527 S.W.3d 43, 46 (Ky. 2017) (explicitly overruling

> *Gadd*, 665 S.W.2d 915, and *Dunn v. Commonwealth*, 703 S.W.2d 874 (Ky. 1985), to the extent they allow constitutional validity challenges to a prior conviction beyond the complete denial of counsel claim). However, the procedural requirement of a pretrial motion to challenge the prior conviction remains unchanged. *See* RCr 8.18.

*Bullitt v. Commonwealth*, 595 S.W.3d 106, 112-13 (Ky. 2019).

> In his brief before this Court, Carpenter makes no contention that he suffered a complete denial of counsel relative to any of his prior felony convictions – which is the only basis upon which he could have contested their validity. *Id.* He makes no contention that he preserved any such argument by filing a motion prior to his trial in 2003, as required. *Id.* More to the point, CR 60.02 motions cannot rest upon grounds that could have been asserted in a direct appeal or prior RCr 11.42 proceeding. *See McQueen v. Commonwealth*, 948 S.W.2d 415, 416 (Ky. 1997). Carpenter offers no reason, and we discern no reason, justifying his failure to raise this argument in either his direct appeal of his underlying conviction, or perhaps at the latest his *first* RCr 11.42 motion – rather than what appears to be for the first time in this (his *tenth*) CR 60.02 motion.

*Carpenter v. Commonwealth*, No. 2023-CA-0656-MR, 2024 WL 3543110, at *1-2

(Ky. App. Jul. 26, 2024) (emphasis added) (footnotes omitted).

Although exhaustively addressed in this Court's opinion in No. 2023-

CA-0656-MR, that was not Carpenter's first attempt to use what he claims is his

"illegal sentence" in Logan County Case No. 85-CR-00050 to vacate his PFO

-9-

conviction in the Butler County case. *See also Carpenter v. Commonwealth*, No. 2018-CA-000574-MR, 2019 WL 3370666, at *2 (Ky. App. Jul. 26, 2019); *Carpenter v. Commonwealth*, No. 2014-CA-000178-MR, 2015 WL 136037, at *1 (Ky. App. Jan. 9, 2015). In other words, Carpenter's underlying conviction in the instant action has been affirmed numerous times through various post-conviction avenues in the Logan Circuit Court, Butler Circuit Court, and this Court. The Logan Circuit Court did not abuse its discretion in denying Carpenter's most recent CR 60.02 motion as successive and frivolous. Although Carpenter attempts to argue he did not have counsel during the underlying proceedings, those claims were found to be without merit in 2014, and the order was not appealed.

"CR 60.02 does not permit successive post-judgment motions, and the rule may be utilized only in extraordinary situations when relief is not available on direct appeal or under RCr 11.42." *Foley v. Commonwealth*, 425 S.W.3d 880, 884 (Ky. 2014) (citation omitted). Further, "the judiciary's conciliatory attitude" towards *pro se* litigants that file "repetitious and frivolous claims" is not without bounds. *Cardwell v. Commonwealth*, 354 S.W.3d 582 (Ky. App. 2011). Indeed, "a court may bar prospective filings to prevent the deleterious effect of such filings on scarce judicial resources." *Id.* at 584. Such prohibitive actions by the courts are not new. The United States Supreme Court has clarified that:

> paupers filing *pro se* petitions are not subject to the
> financial considerations – filing fees and attorney's fees –

that deter other litigants from filing frivolous petitions. Every paper filed with the Clerk of this Court, no matter how repetitious or frivolous, requires some portion of the institution's limited resources. A part of the Court's responsibility is to see that these resources are allocated in a way that promotes the interests of justice.

*In re McDonald*, 489 U.S. 180, 184, 109 S. Ct. 993, 996, 103 L. Ed. 2d 158 (1989).

The circuit court enjoined Carpenter from filing *any* further post-conviction motions in this nearly forty-year-old conviction. While we empathize with the circuit court's obvious frustration, the Kentucky Supreme Court has ruled that, even in the case of successive and frivolous *pro se* post-conviction motions,

we direct the lower courts to permit the filing of the pleadings in the record, even without responsive pleadings, so that any further review as may be undertaken is based on as complete a record as possible. In short, the courts shall review a pleading and may, if appropriate, relieve the opposing party from any duty to respond.

*Violett*, 664 S.W.3d at 486.

However, in *Violett*, the Kentucky Supreme Court agreed the circuit court could sanction Violett for his extensive history of filing frivolous motions. Therein, the circuit court judge was to review "the pleadings prior to their being formally filed in the record, such that any opposing parties are not required to appear and/or respond, and making a determination whether the pleadings are frivolous." *Id.* at 484. If so, the circuit court could summarily deny the motion. In the instant action, the circuit court's ruling completely prevents Carpenter from

-11-

filing any future post-conviction motions, which is not an authorized sanction under *Violett*. To the extent the order conflicts with the Kentucky Supreme Court's holding in *Violett*, we reverse and remand for proceedings consistent with this Opinion.

Further, the Kentucky Supreme Court upheld the following sanction imposed by this Court:

> If Mr. Violett files an appeal in circuit court, to the Court of Appeals, or if Mr. Violett files an original action in the Court of Appeals, the Clerk of the Court of Appeals is directed to present the documents to a three-judge panel for review of whether the matter is frivolous and should be summarily dismissed.

*Violett*, 664 S.W.3d at 483.

Due to Carpenter's history of repeated and frivolous filings with this Court, and his use of various cases to attempt to achieve vacating of his conviction in Logan County Case No. 85-CR-00050, we impose upon Carpenter the sanctions authorized by the Kentucky Supreme Court in *Violett*, *supra*, by separate order.

## IV. CONCLUSION

For the foregoing reasons, the order of the Logan Circuit Court is affirmed in part, reversed in part, and remanded. This Court shall enter a separate order directing the Clerk of the Court of Appeals to present any future filings by Carpenter in Logan County Case No. 85-CR-00050 to be presented to a three-

-12-

judge panel for review of whether the matter is frivolous and should be summarily dismissed.

ALL CONCUR.


BRIEFS FOR APPELLANT:

Jeffery Carpenter, *pro se*
LaGrange, Kentucky

BRIEF FOR APPELLEE:

Russell Coleman
Attorney General of Kentucky

Todd D. Ferguson
Assistant Attorney General
Frankfort, Kentucky